IRVING GREENSPAN AND AARON GREENSPAN, APPEL-
LANTS, v. DIVISION OF ALCOHOLIC BEVERAGE CON-
TROL, DEPARTMENT OF LAW AND PUBLIC SAFETY
OF NEW JERSEY; HUDSON BERGEN COUNTY RETAIL
LIQUOR STORES ASSN., A NEW JERSEY CORPORA-
TION, AND JERSEY CITY RETAIL LIQUOR DEALERS
ASSOCIATION, A NEW JERSEY CORPORATION, RE-
SPONDENTS.

Argued May 25, 1953—Decided June 8, 1953.

*Mr. Raymond Chasan* argued the cause for the appellants.

*Mr. Samuel B. Helfand* argued the cause for the respondent, Alcoholic Beverage Control (*Mr. Theodore D. Parsons,* Attorney-General of New Jersey, attorney).

*Mr. Samuel Moskowitz,* attorney for respondent Hudson-Bergen County Retail Liquor Stores Association.

*Mr. Sidney Simandl,* attorney for Jersey City Retail Liquor Dealers Association (*Mr. Harry Krieger,* of counsel).

The opinion of the court was delivered by

BURLING, J.  This appeal stems from the invalidation of the transfer of a 1950-1951 license and cancellation of a 1951-1952 license (both being plenary retail consumption licenses for the sale of alcoholic beverages) by the Acting Director of the Division of Alcoholic Beverage Control, Department of Law and Public Safety, State of New Jersey, hereinafter called the Director.  The licensees, Irving Greenspan and Aaron Greenspan, hereafter called the appellants, perfected an appeal to the Superior Court, Appellate Division, which resulted in an affirmance there.  23 *N. J. Super.* 567 (1953).  We allowed certification on the appellants' petition therefor.  11 *N. J.* 581 (1953).

The factual determinations of the Director were not appealed on the merits. They are summarized here merely to show the course of proceedings.

Empire Restaurant, Inc., held a plenary retail consumption license for 754 Newark Avenue, Jersey City, for some ten years. On February 14, 1950 the 1949-1950 license was extended to Empire's receiver. The appellants "bought" the license from the receiver at an auction on February 16, 1950, and on February 21, 1950 applied to the Municipal Board of Alcoholic Beverage Control, of Jersey City, for transfer of the license to themselves and their premises at 618 Newark Avenue. This was denied. The receiver of Empire applied for and was allowed a "renewal" license for 1950-1951 although he then had no right to possession of 754 Newark Avenue. The appellants applied to the municipal board for transfer of the 1950-1951 license on August 14, 1950 and that transfer was granted on May 14, 1951.

The respondents Hudson-Bergen County Retail Liquor Stores Association, a New Jersey corporation incorporated not for pecuniary profit, and the Jersey City Retail Dealers Association, a New Jersey corporation incorporated not for pecuniary profit, appealed the municipal board's issuance of transfer license to the Director.

The Director held that the municipal board's purported renewal of the 1950-1951 license was a nullity, and that even if it were treated as a grant of a new license it was invalid as a "violation of the State Limitation Law" (*L.* 1947, *c.* 94), as well as a violation of the pertinent local ordinance. The appellants do not attack these findings and conclusions.

The Director on March 26, 1952 reversed the action of the municipal board as to transfer of the 1950-1951 license and also cancelled plenary retail consumption license C545, the 1951-1952 license which had been issued to the appellants as a renewal of the 1950-1951 license.

The appellants appealed to the Superior Court, Appellate Division. They agreed with the respondents to confine their appeal to two specific questions involved. The appeal was so confined, and the judgment of the Appellate Division,

affirming the Director's order, was limited to disposition of those questions. The appellants' petition for certification and its present appeal as a result of the allowance of that petition, hereinbefore mentioned, present the same questions and do not attack the merits of the Director's determination.

The questions involved are: (1) Did the respondents Hudson-Bergen County Retail Liquor Dealers Ass'n. and Jersey City Retail Liquor Dealers Association have legal status to appeal to the Director in the matter of the issuance of the license to the appellants? (2) Did the Director have jurisdiction to cancel the appellants' 1951-1952 license in the absence of a specific appeal for that year from the action of the Municipal Board in issuing that license?

The appellants admit that the precise question of the status of the respondent corporations' right to appeal to the Director in the matter of the issuance of a license for the sale of alcoholic beverages was decided adversely to the appellants' present contentions in *Hudson-Bergen, &c., Assn. v. Hoboken*, 135 *N. J. L.* 502, 510 (*E. & A.* 1947). The *Hudson-Bergen, &c., Assn.* case, *supra*, is dispositive. We find no merit in the appellant's contention that the decision of this court in *New Jersey Bankers Assn. v. Van Riper*, 1 *N. J.* 193 (1948), impliedly overrules that case. The *Bankers Assn.* case, *supra*, involved a construction of the Declaratory Judgments Act. The *Hudson-Bergen* case, *supra*, determined that the Alcoholic Beverage Law (*R. S.* 33:1–1 *et seq.*) specifically clothed associations and corporations of the category of the corporate respondents with appropriate status for appeal in alcoholic beverage license matters. The two decisions are not parallel in point of law or fact.

Upon the second question involved the appellants contend that Regulation 15, Rule 13, of respondent Division of Alcoholic Beverage Control is invalid as an excess of delegated legislative power and therefore the Director improperly cancelled appellants' 1951-1952 license. The rule in question reads:

"When appeal is taken in any matter, any transfer or extension or renewal of any license involved therein shall be subject to the

ultimate outcome of ' such appeal, unless otherwise ordered by the
director for proper cause."

*R. S.* 33 :1–39, as amended *L.* 1943, *c.* 154, *p.* 435, *sec.* 1,
provides:

"The commissioner may make such general rules and regulations
and such special rulings and findings as may be necessary for the
proper regulation and control of the manufacture, sale and distribu-
tion of alcoholic beverages and the enforcement of this chapter, in
addition thereto, and not inconsistent therewith, and may alter,
amend, repeal and publish the same from time to time.

Such rules and regulations may cover the following subjects:
&ast; &ast; &ast; instructions for municipalities and municipal boards;
&ast; &ast; &ast; and such other matters whatsoever as are or may become
necessary in the fair, impartial, stringent and comprehensive ad-
ministration of this chapter."

*L.* 1939, *c.* 281, *p.* 702, *sec.* 1, as amended by *L.* 1944, *c.* 187,
*p.* 695, *sec.* 1 (*N. J. S. A.* 33 :1–96), relating to the renewal
of licenses requires the existence of a valid license as a pre-
requisite for renewal. *Cf. L.* 1952, *c.* 284, *sec.* 1 (*N. J. S. A.*
33 :1–12.26); *L.* 1947, *c.* 94, *p.* 502, *secs.* 1, 2 (*N. J. S. A.*
33 :1–12.13, 12.14). Further, *R. S.* 33 :1–31, relating to the
suspension and revocation of licenses, provides in part:

"A revocation shall render the licensee ineligible to *hold* or receive
any other license, of any kind or class under this chapter, for a
period of two years from the effective date thereof and a second
revocation shall render the licensee ineligible to hold or receive any
such license at any time thereafter. Any revocation may, in the
discretion of the commissioner or other issuing authority as the
case may be, render the licensed premises ineligible to become the
subject of any further license, of any kind or class under this
chapter, during a period of two years from the effective date of the
revocation." (Emphasis supplied.)

These provisions, read together with *R. S.* 33 :1–22, as
amended *L.* 1946, *c.* 316, *p.* 1028, *sec.* 1, relating to appeals
to the Director, are adequate to sustain Rule 13 of Regula-
tion 15 of the Division of Alcoholic Beverage Control as a
valid exercise of the power delegated under *R. S.* 33 :1–39,
as amended *supra.* Further, based upon the findings of the
Director, which are not questioned on this appeal, it seems

that the said Rule 13 is merely declarative of the pertinent law. *Cf. Brush v. Hock*, 137 *N. J. L.* 257, 261 (*Sup. Ct.* 1948).

For the reasons expressed the judgment of the Superior Court, Appellate Division, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and BRENNAN—5.

*For reversal*—None.