44 N.J. Super. 140 (1957)
129 A.2d 890
ANNA LIPTAK, APPELLANT,
v.
DIVISION OF ALCOHOLIC BEVERAGE CONTROL, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1957.
Decided March 8, 1957.
Before Judges CLAPP, JAYNE and FRANCIS.
*141 Mr. Charles L. Bertini argued the cause for appellant.
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for respondent (Mr. Grover C. Richman, Jr., Attorney-General, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
In a self-initiated proceeding the Director of the Division of Alcoholic Beverage Control cancelled the plenary retail consumption license of Anna Liptak. She seeks a reversal, claiming that the action was beyond his statutory authority.
The facts are not in dispute. Mrs. Liptak is the owner of premises at 270 River Road, Edgewater, New Jersey. For some years they had been leased to persons holding a plenary retail consumption license issued by the mayor and council of the borough. The 1954-1955 license, which by statute and by its terms expired on June 30, 1955 (N.J.S.A. 33:1-26), was held by William Ganz, Jr. and Robert Esterbrook, trading as Pat and Mike's. Apparently the business was not prospering, and in March 1955 they failed to pay their rent. Subsequently they closed the tavern, disappeared and never applied for a renewal of the license. Later, when Mrs. Liptak decided she would like to operate the place herself, she instituted a search and succeeded in locating Ganz. On August 1, 31 days after the license had expired, he signed a consent to its transfer to her, saying that he did not "want to have [anything] to do with it." On the same day she applied for a license, attaching to the application the consent of Ganz to the transfer of the partnership license to her. The mayor and council approved her request and the license was transferred to her as of September 1, 1955. Thereafter she operated the tavern until the Director issued an order to show cause why the license should not be cancelled as improvidently issued. The order was returnable before the Division of Alcoholic Beverage Control. After hearing, the Director cancelled the license upon the ground that it was illegally issued and void.
*142 It is apparent from the facts stated that the license in question had expired and was out of existence for 31 days before the proceeding for transfer was instituted. Under the statute, a renewal license is defined as follows:
"* * * [A]ny license for a new license term, which is issued to replace a license which expired on the last day of the license term which immediately preceded the commencement of said new license term or which is issued to replace a license which will expire on the last day of the license term which immediately precedes the commencement of said new license term, shall be deemed to be a renewal of the expired or expiring license; provided, that said license is of the same class and type as the expired or expiring license, covers the same licensed premises, is issued to the holder of the expired or expiring license and is issued pursuant to an application therefor which shall have been filed with the proper issuing authority prior to the commencement of said new license term or not later than thirty days after the commencement thereof. Licenses issued otherwise than as above herein provided shall be deemed to be new licenses." (Emphasis ours; N.J.S.A. 33:1-12.13; 33:1-12.26; 33:1-96)
The import of this legislation is that in order for a renewal to be granted there must be a valid license then in being. Greenspan v. Division of Alcoholic Beverage Control, 12 N.J. 456, 460 (1953). The condition not having been met here, obviously the license in question must be considered a new one.
The issuance of new licenses in Edgewater was prohibited by N.J.S.A. 33:1-12.14 unless and until the total number of plenary retail and seasonal retail consumption licenses outstanding became fewer than one for each one thousand of its population as shown by the last preceding federal census. It is undisputed that at the time the Liptak license was granted, the applicable population was 3,952 and that there were already 15 plenary retail consumption licenses in existence in the borough. Under the circumstances, manifestly it was legally improper to transfer the old license or to issue a new one to appellant.
Appellant contends, however, that the Director had no original jurisdiction to institute or entertain a proceeding to cancel the license. It is urged that action by him is *143 limited to the prosecution of an action for cancellation in the appropriate court. Of course, if the attack came to him by way of the appeal process established by N.J.S.A. 33:1-22, there could be no question about his authority. Can it be said that if a taxpayer or other aggrieved person does not initiate an appeal under the statute, he is powerless to deal with the license as an original administrative problem? We think not. Ample legislatively delegated authority to act on his own may be found.
Under the act he is empowered to supervise the "manufacture, distribution and sale of alcoholic beverages in such a manner as to promote temperance * * *," N.J.S.A. 33:1-3; to "administer and enforce this chapter * * * and to do, perform, take and adopt all other acts, procedures and methods designed to insure [its] fair, impartial, stringent and comprehensive administration * * *," N.J.S.A. 33:1-23; to make "such general rules and regulations and such special rulings and findings as may be necessary for the proper regulation and control of the * * * sale and distribution of alcoholic beverages and the enforcement of this chapter." And such rules may relate to "matters [that] are or may become necessary in the * * * comprehensive administration of" the act. N.J.S.A. 33:1-39.
These provisions indicate the broad scope of the Director's legitimate field of operation and they leave us without doubt that a proceeding such as the present one is within the authorized area. Moreover, in Brush v. Hock, 137 N.J.L. 257 (Sup. Ct. 1948), the right to cancel a renewal license for the illegality which infects that of Mrs. Liptak, was recognized. It is true (as the record of the case shows) that the cancellation was ordered as an incident of an appeal brought to attack an existing license. But when the license already under review was renewed pending the appeal, the Director simply brought the renewal in on his own motion and cancelled it on a finding of violation of N.J.S.A. 33:1-12.14, supra. The fact that no separate appeal had been taken was not regarded as an obstacle to original agency action. And absence of any specific rule or regulation *144 creating such procedure, does not show want of authority to act. Cf. Greenspan v. Division of Alcoholic Beverage Control, supra, 12 N.J., at page 461.
Accordingly, the order of the Director is affirmed.