821 A.2d 542

OLGA PLATA, PETITIONER–APPELLANT, v. DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 29, 2003—Decided May 6, 2003.

Before Judges KING, LISA and FUENTES.

*Anthony J. Bianciella* argued the cause for Petitioner (*D'Alessandro, Jacovino & Gerson,* attorneys; Mr. Bianciella, on the brief).

*Lorinda Lasus,* Deputy Attorney General, argued the cause for respondent (*David Samson,* Attorney General, attorney for respondent; Ms. Lasus, on the brief).

The opinion of the court was delivered by

FUENTES, J.A.D.

Petitioner Olga Plata appeals from the final order of the director of the Division of Alcoholic Beverage Control (ABC) denying her application for the issuance of a new plenary retail consumption license pursuant to *N.J.S.A.* 33:1–12.18. We address here whether an applicant for relief under this statute is legally required to both submit a license renewal application to the municipal issuing authority and file a separate verified petition for relief with respondent, the ABC director, before the expiration of the statutory deadline.

We hold that an applicant for relief pursuant to *N.J.S.A.* 33:1–12.18 is only required to file an application with the director's designee. This application must be filed within sixty days following the expiration of the license renewal period and be accompanied by a filing fee of $100 payable to the director. *Ibid.* Here, petitioner filed the completed application, together with the required filing fee, with the director's designee, the municipal issuing authority, within the statutory time-frame. In this light, the

director's decision denying petitioner's application based on her failure to timely file a separate verified petition was arbitrary, capricious and unreasonable and not supported by any legal authority.

I

The salient facts are not in dispute. In November 2000, petitioner purchased a plenary retail consumption license issued by the Jersey City Municipal Board of Alcoholic Beverage Control. The license was for a period of one year, with an expiration date of July 30, 2001. Petitioner used the license to operate a tavern in Jersey City until April 2001, when she separated from her husband. Sometime thereafter, petitioner verbally agreed to sell the license to Robert Paulino Vidal.

Since petitioner was out of state at the time the license expired, she directed Vidal to renew the license with the municipal ABC authority in Jersey City. In June 2001, Vidal made two unsuccessful attempts to renew the license. The first time he did not have the proper application form nor the required filing fee. The second time he was rebuffed because Plata, as the owner of the license, had not signed the renewal application. At this time, Vidal was told by the secretary of the Jersey City ABC Board that he needed to file a duly completed application with the municipality prior to September 28, 2001, and obtain a "special ruling" authorizing the renewal of the license.

On September 8, 2001, Vidal returned to the municipal ABC Board with a completed application signed by Plata and accompanied by the required fee. The secretary of the municipal Board accepted the application on behalf of the State ABC director. In fact, by letter dated January 22, 2002, the Deputy Attorney General representing the director advised petitioner's counsel that the "signed application was actually submitted in advance of September 28, 2001, which satisfies the application deadline of *N.J.S.A.* 33:1–12.18."

Despite this acknowledgment of compliance, petitioner was advised that she needed to file a separate verified petition with the State ABC Director specifically requesting a "special ruling" authorizing the issuance of a new license. In a document entitled *"Procedure for Licensees to Petition the Director for a Special Ruling to Authorize Issuance of a 'New' License Based Upon Failure to Renew Due to Circumstances Beyond Licensee's Control,"* the director provides the following description of the information which must be included in this verified petition.

In order to process a request for a Special Ruling, it is necessary for you to submit to this Division a Verified Petition *on or before September 28, 2001, ALONG WITH A VERIFIED PETITION FILING FEE OF $100.00 (CERTIFIED CHECK, ATTORNEY TRUST CHECK OR BANK MONEY ORDERS ONLY) MADE PAYABLE TO THE NEW JERSEY DIVISION OF ABC. * Note-this fee is separate from the Renewal Application Filing Fee of $100 that is submitted to the issuing authority at the time of filing the renewal application with them.* A Verified Petition is, basically, an affidavit made by a licensee with direct personal knowledge concerning the required facts, which is signed and *sworn to before a notary public* or any other person authorized to administer oaths in the State of New Jersey. Your Verified Petition should include the following information:

1. Complete identification of licensee and license number;

2. Proof that the renewal application and fees were filed with the issuing authority on or before **September 28, 2001**, and the date of filing;

3. Specific recitation of efforts made to renew the license on time and difficulties encountered which prevented the timely renewal of your license. In doing so, you should include dates (or approximations thereof) of when certain activities took place so that the Director can determine whether your failure to apply for renewal in the time provided was due to circumstances beyond your control;

4. Whether you have previously petitioned the Director to authorize a "new" license pursuant to *N.J.S.A.* 33:1–12.18; and

5. **A certification that you filed your properly completed** *application and fees* **with the local issuing authority, and the date of filing.** Upon receipt of your renewal application and fees, the local issuing authority should thereafter *defer* action and hold your application and fees pending the Director's determination in this matter.

On November 7, 2001, petitioner filed a verified petition dated October 24, 2001, directly with the director requesting a special ruling on her application for a new license. On February 28, 2002, the State ABC Director issued an order dismissing petitioner's verified petition requesting relief pursuant to *N.J.S.A.* 33:1–12.18. Consequently, petitioner's application to renew her license for the

2001–2002 term was also denied. The director based his decision upon the following finding:

In this matter, the licensee has neither demonstrated actual nor constructive compliance with the statutory deadline requiring that a Verified Petition for relief pursuant to *N.J.S.A.* 33:1–12.18 be filed with the Director by September 28 of the year beginning the term for which renewal is sought. Thus, I am without jurisdiction to grant the requested relief.

## II

As a creature of the Legislature, the director's legal authority to regulate the issuance and renewal of plenary retail consumption liquor licenses is derived exclusively from the Alcoholic Beverage Control Act, *N.J.S.A.* 33:1–1 to –97. *Silverman v. Berkson,* 141 *N.J.* 412, 416–17, 661 *A.*2d 1266 (1995), *cert. denied,* 516 *U.S.* 975, 116 *S.Ct.* 476, 133 *L. Ed.*2d 405 (1995); *Rider Ins. Co. v. First Trenton Cos.,* 354 *N.J.Super.* 491, 499, 808 *A.*2d 143 (App.Div.2002); *Material Damage Adjustment Corp. v. Open MRI of Fairview,* 352 *N.J.Super.* 216, 227, 799 *A.*2d 731 (Law Div.2002). We will thus examine the relevant statutory provisions to determine whether there is legal support for director's decision.

The license held by petitioner runs for a term of one year, from July 1 to June 30. *N.J.S.A.* 33:1–26. At the end of this one year period, the license automatically expires. *N.J.S.A.* 33:1–12.13 provides a license holder with a thirty-day grace period in which to file a renewal application. Beyond this point, the only available method for obtaining relief is contained in *N.J.S.A.* 33:1–12.18:

Nothing in this act shall be deemed to prevent the issuance of a new license to a person who files application therefor within 60 days following the expiration of the license renewal period if the director shall determine in writing that the applicant's failure to apply for a renewal of his license was due to circumstances beyond his control.

Any request for relief under this section shall be accompanied by a nonreturnable filing fee of $100.00 payable to the director.

In interpreting a statute, our Supreme Court has repeatedly emphasized that our overriding goal must be to determine the Legislature's intent. *Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 231, 708 *A.*2d 401 (1998); *State, Dep't of Law & Pub. Safety v.*

*Gonzalez,* 142 *N.J.* 618, 627, 667 *A.*2d 684 (1995); *Young v. Schering Corp.,* 141 *N.J.* 16, 25, 660 *A.*2d 1153 (1995); *Roig v. Kelsey,* 135 *N.J.* 500, 515, 641 *A.*2d 248 (1994); *Jacobitti v. Jacobitti,* 135 *N.J.* 571, 579, 641 *A.*2d 535 (1994); *Lesniak v. Budzash,* 133 *N.J.* 1, 8, 626 *A.*2d 1073 (1993). In most cases, the language of the statute is the most reliable indicator of the Legislature's intent. *Strasenburgh v. Straubmuller,* 146 *N.J.* 527, 539, 683 *A.*2d 818 (1996). "If the language is plain and clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." *State, Dep't of Law & Pub. Safety v. Bigham,* 119 *N.J.* 646, 651, 575 *A.*2d 868 (1990).

█ With these rules of construction as our guide, we are unable to discern any textual support for the director's position that petitioner's failure to timely file a Verified Petition deprived the director of jurisdiction under *N.J.S.A.* 33:1–12.18. The unambiguous language in *N.J.S.A.* 33:1–12.18 plainly describes the procedure an applicant seeking relief must follow. The licensee must file an application "within 60 days following the expiration of the license renewal period[.]" The application must be "accompanied by a nonreturnable filing fee of $100.00 payable to the director." It is not disputed that petitioner complied with both of these requirements.

The director, nevertheless, argues that because the statute conditions relief upon the director determining in writing that the applicant's failure to apply for a renewal of her license was due to circumstances beyond her control, an application cannot be deemed complete without the applicant furnishing an explanation for the delay. Stated differently, the statute contains an implicit requirement that the application be supported by some type of statement of reasons which provides the director with a sufficient basis to conclude that the applicant's failure to timely apply for the license's renewal was due to circumstances beyond her control. The verified petition is the method selected by the director to receive this statutorily-mandated information.

This argument has two fatal flaws. First, the statute does not, on its face, establish the manner in which this information is to be transmitted to the director. Thus, although the director is free to choose the format and content of the required information, he cannot, without expressed regulatory authority,[1] augment the applicant's statutory obligations. Here, petitioner complied with the two statutory requirements by filing a timely application accompanied by the appropriate filing fee.

We are mindful that appellate courts should accord substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing. *Merin v. Maglaki*, 126 *N.J.* 430, 436–37, 599 *A.*2d 1256 (1992); *see Cedar Cove, Inc. v. Stanzione*, 122 *N.J.* 202, 212, 584 *A.*2d 784 (1991). However, "an administrative agency may not, under the guise of interpretation, extend a statute to give it a greater effect than its language permits." *G.E. Solid State, Inc., v. Dir., Div. of Taxation*, 132 *N.J.* 298, 306, 625 *A.*2d 468 (1993).

The second critical defect in the director's argument is again rooted in the plain language of the statute. *N.J.S.A.* 33:1–12.18 does not require the applicant to provide the information establishing the statutory ground of "circumstances beyond [the applicant's] control" within any specified time frame. The statute only requires "the application" to be filed within 60 days following the expiration of the license renewal period. In *Cavallaro v. Div. of ABC*, 351 *N.J.Super.* 33, 38, 796 *A.*2d 938 (App.Div.2002), we held that this sixty-day time period was jurisdictional and could not be waived or relaxed. In so doing, we made it clear that "when an *application* [pursuant to *N.J.S.A.* 33:1–12.18] is made between July 30th and September 28th, the provision permits a new license to be issued." *Id.* at 42, 796 *A.*2d 938. (Emphasis added.)

---

[1] *N.J.S.A.* 33:1–12.38 authorizes the director to "adopt from time to time such rules and regulations as shall be necessary or desirable to carry out the provisions of this act and of the act to which this act is a supplement." This regulatory authority must be implemented in compliance with the requirements of the Administrative Procedures Act, *N.J.S.A.* 52:14B–1 to 25.

The director cannot, as a matter of law, decline to consider petitioner's September 8, 2001 application, seeking relief pursuant to *N.J.S.A.* 33:1–12.18, based on the fact that the so-called "verified petition" was not submitted within sixty days following the expiration of the license renewal period.

 The scope of our review of a final decision reached by a State administrative agency is limited. An administrative agency's action is presumed to be valid and reasonable. *In re Amendment to Recreation and Open Space Inventory,* 353 *N.J.Super.* 310, 327, 802 *A.2d* 581 (App.Div.2002). We will reverse the decision only if it is arbitrary, capricious or unreasonable or if it is not supported by substantial credible evidence in the record as a whole. *In re Taylor,* 158 *N.J.* 644, 657, 731 *A.2d* 35 (1999); *Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.2d* 686 (1980). Since the director's action did not have any statutory or regulatory support, his decision to dismiss petitioner's application under *N.J.S.A.* 33:1–12.18 was unreasonable, arbitrary and capricious.

The director's order dismissing the application for lack of jurisdiction is reversed and remanded. On remand, the director shall determine in writing whether petitioner's failure to apply for a renewal of her license by July 30, 2001, was due to circumstances beyond her control.

Reversed and remanded. We do not retain jurisdiction.