50 N.J. Super. 264 (1958)
141 A.2d 797
SALVATORE SCRUDATO, RESPONDENT,
v.
MASCOT SAVINGS AND LOAN ASSOCIATION OF NEWARK, A NEW JERSEY CORPORATION, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 19, 1958.
Decided May 22, 1958.
*266 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Abraham I. Mayer argued the cause for appellant.
Mr. Nicholas Albano argued the cause for respondent (Mr. Vincent J. Casale, attorney).
Mr. Lawrence E. Stern, Deputy Attorney-General, filed a statement in lieu of brief (Mr. David D. Furman, Acting Attorney-General).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Mascot Savings and Loan Association of Newark ("Mascot") brings this appeal under *267 R.R. 4:88 from a final determination and order of the Commissioner of Banking and Insurance made pursuant to N.J.S.A. 17:12A-100, granting appellant Scrudato, as a member and director of Mascot, the right to make a list of the names and addresses of the association members and to examine its books, records, minutes and proxies. Mascot also appeals from the Commissioner's denial of its application for a rehearing.
A detailed recital of the events leading up to the proceedings before the Commissioner is unnecessary in view of the issues projected on this appeal and discussed below. Suffice to say that differences had developed among the guiding spirits of Mascot, with director Scrudato and director and association counsel Albano heading up the minority. At the annual meeting in January 1957 the majority group, apparently led by the association secretary, was victorious in a proxy contest. The minority's complaints stem essentially from the use of the proxies at the annual meeting and thereafter, and from the conduct of the association's business.
On April 22, 1957 Scrudato filed a request with the association pursuant to N.J.S.A. 17:12A-100(1), seeking information under 22 headings as to membership, proxies, voting of proxies, minutes, etc. Mascot answered under date of April 30, 1957, making direct reply to all but five of the inquiries and, as to the latter, advising Scrudato that he could inspect the membership lists, proxy lists and other records desired at the offices of the association, by appointment with the secretary. Scrudato considered the answers inadequate and thereupon applied to the Commissioner of Banking and Insurance for an order requiring the association to supply the desired information, as permitted by the statute which reads, in part:
"If the association shall fail to supply the information applied for within ten days after receipt by it of said application, such member may, within an additional ten-day period, apply to the commissioner for an order requiring the association to do so." (N.J.S.A. 17:12A-100 (2))
*268 Scrudato thus had 20 days from the time he filed his request for information with Mascot, to make his application to the Commissioner. That period elapsed on May 12, 1957, a Sunday, and he therefore had until the next day, May 13. His application was by letter, postmarked at Newark, N.J., May 15, and received by the Commissioner at Trenton on May 16, 1957. Even if Scrudato be given the benefit of the mailing date, his application was already two days late.
At the opening of the hearing on June 4, 1957 Mascot moved to dismiss the proceedings on the ground that Scrudato's application was out of time. After extended argument, the Acting Commissioner reserved decision and proceeded with the plenary hearing, which lasted three days. The determination and order came down on September 6, 1957. In holding that Mascot's objection to the late filing of the application was valid, the Acting Commissioner said the statute (N.J.S.A. 17:12A-100) must be strictly construed and that the application would "under ordinary circumstances" be dismissed. Nevertheless, he proceeded to dispose of the application on the merits, "as though no statutory defect exists," for three reasons: (1) it would not be too difficult for Scrudato to rectify the statutory error by filing a new request for information with Mascot and then (presumably upon its failure to respond) making a new application to the Commissioner; (2) the time already spent on the hearing; and (3) the application had been made by a member-director. He then determined that irrespective of Scrudato's right as a member to the information requested, he, as well as Albano, had that right because of their status as directors of Mascot. The Acting Commissioner deemed it unnecessary to pass on the question of whether the information was being sought in good faith, because of the status of both men as directors of the association. (Although the Acting Commissioner spoke of Albano's rights, it must be remembered that only Scrudato had applied for the order compelling information.) The order under appeal was then entered. Mascot at once requested *269 a rehearing because Scrudato had in the meantime been removed as director on August 6, 1957. The request was denied.
Mascot contends that the Commissioner had no discretion to hear the application in view of the expiration of the statutory time limit, argued to be mandatory, and that the reasons he advanced to justify his action are specious. Scrudato claims that matters of procedure are, under the statute, left to the discretion of the Commissioner, and the reasons he gave justified his dealing with the merits. We are of the opinion that the determination and order must be reversed and Scrudato's application dismissed.
There can be no dispute that the application was filed beyond the time fixed by the statute, N.J.S.A. 17:12A-100. Where a statute sets up precise time limits within which an aggrieved party may seek recourse to administrative adjudication, those limits have been held mandatory and not subject to relaxation. The agency is without power to waive them and proceed to hearing and determination notwithstanding non-compliance. Although there is no case dealing with a proceeding such as is here involved, other cases from the field of general administrative law amply support the stated principle. Borough of Park Ridge v. Salimone, 21 N.J. 28, 47 (1956), affirming 36 N.J. Super. 485 (App. Div. 1955), (R.S. 11:15-4, appeal to Civil Service Commission by removed employee must be within ten days); Kaske v. State, 34 N.J. Super. 222, 226 (App. Div. 1955) (N.J.S.A. 43:21-6(c) and (e), unemployment compensation appeal from Appeal Tribunal's decision, or action taken on Board of Review's own motion, limited to within ten days); Borgia v. Board of Review, 21 N.J. Super. 462, 467 (App. Div. 1952) (N.J.S.A. 43:21-6(b)(1)(C), seven-day limit to appeal determination of eligibility for disability benefits, where notification is mailed); and see Moran, "General Administrative Law," 11 Rutgers L. Rev. 30, 49 (1956). Such time limits cannot be construed as merely directory. The reasoning of Judge (now Justice) Francis in the Salimone case is apt:
*270 "Under the new system, our courts have recognized the binding force  even the jurisdictional restriction  of a time limit imposed on the taking of appeals by the rules of practice. In re Caruso's Will, 18 N.J. 26 (1955); In re Pfizer's Estate, 6 N.J. 233 (1951); Theresa Grotta Home for Convalescents v. Board of Adjustment, 19 N.J. Super. 331 (App. Div. 1952). We find no justification for the adoption of a contrary rule in dealing with a statutory limitation on the right of appeal to an administrative agency. Cf. Kaske v. State, 34 N.J. Super. 222 (App. Div. 1955); Lamastra v. Montgomery Ward & Co., 25 N.J. Super. 14 (App. Div. 1953); Kolonkiewicz v. W. Ames & Co., 23 N.J. Super. 265 (Cty. Ct. 1952); Fishman v. Fisch Hat Co., 16 N.J. Misc. 316 (C.P. 1938); Rule 59, Civil Service Commission. If hardship in a particular case consequent upon a failure to comply with the court rule did not provide a basis for relaxation of the rule, no different result is justifiable in a statutory proceeding. In re Nuese's Estate, 15 N.J. 149 (1954); In re Pfizer's Estate, supra.
Subsequent to the Pfizer case, the Supreme Court recognized that in some cases justice and equity might require extension of time for appeal within the court system. Consequently an amendment of the rule was promulgated which permits enlargement of the period, not to exceed 30 days, upon a showing of good cause by the applicant and absence of prejudice to his adversary. R.R. 1:27B(2). If it is considered that the time for the statutory appeal to the Civil Service Commission is too restrictive, a remedy lies in the legislative domain." (36 N.J. Super., at pages 496-497)
It has been said that the public interest requires that the protection afforded by statutes of the class involved in this case and the decisions just cited, be invoked with reasonable promptness. Borough of Park Ridge v. Salimone, above, 21 N.J. at page 46; Borgia v. Board of Review, above, 21 N.J. Super. at page 467. But more significantly, as Judge Francis said when the Salimone case was before this court, an administrative agency's power to hear any matter must derive from the Legislature, and where it has fixed a definite time within which parties must seek administrative relief, neither the administrator nor this court is in a position to enlarge that time.
Counsel for Scrudato notes that we do not hesitate to relax our rules, R.R. 1:27A, and to enlarge the time within which a particular act is required to be done, including the time for taking an appeal, R.R. 1:27B, R.R. 4:88-15(c), where the interests of justice require. The argument is not *271 controlling, for our rules are general rules for the government of our courts and the conduct of causes. See 1947 Const., Art. VI, Sec. II, par. 3. Initial invocation of the administrative process itself is within the exclusive domain of the Legislature.
The fact that Scrudato's application was only two days out of time does not mitigate the invalidity of the action under review. Even a minor deviation from the statutory limit in a particular case is fatal. See, for example, Kaske v. State, above (one day). This is not a mere technicality, but fundamental to the proper and necessary restraint of the exercise of judicial and administrative discretion. The remedy for results that either tribunal may deem unjust or unwise lies not in disregard of the statutory limitation, but in corrective legislation.
Counsel for Scrudato refers us to subsection 3 of N.J.S.A. 17:12A-100, which reads:
"The procedure herein provided for obtaining information from an association, shall be exclusive; but the action of the commissioner shall be subject to review in the Superior Court, in a proceeding in lieu of prerogative writ."
and argues that the word "exclusive" was clearly meant to invest the Commissioner with full and complete jurisdiction over the substantive rights of the parties, subject to Superior Court review, leaving matters of procedure to his discretion. "Exclusive" has reference to the theretofore existing availability of common law relief to compel the association to supply the information which the applicant seeks, see DeFazio v. Haven Savings and Loan Ass'n, 22 N.J. 511 (1956); the statute now gives that power to the Commissioner of Banking and Insurance. The Commissioner in his determination and order himself admitted that the statute controls the time for making written application. The association having made timely objection to the lateness of the application and the continuance of the proceedings, the Commissioner was powerless to hear the matter on the merits. His order must therefore be vacated.
*272 Another reason for reversing the determination and order under appeal is the Commissioner's failure to follow the mandate of N.J.S.A. 17:12A-100(2), which directs that:
"Within ten days after the conclusion of such hearing, the commissioner shall determine whether the information is or is not sought in good faith, and whether or not it will be for the best interests, not only of the applicant but of the association and its other members, that the application be granted. Upon such determination, the commissioner may grant or deny said application or grant or deny the same in whole or in part and may impose such terms and conditions as he shall deem necessary or proper to protect the interests of the association and its other members."
Thus, the statute calls for two essential, ultimate findings before the Commissioner can order the relief sought: (1) that the information is sought in good faith, and (2) the grant of the application will be in the best interests of both the applicant and the association and its other members.
The Commissioner, however, viewed the proceeding essentially as one brought by a director of the association, and not simply by a member, and although Scrudato's good faith had been challenged by Mascot, deemed it unnecessary to pass on that question because of Scrudato's (and Albano's) status as director. This was error. Whatever Scrudato's rights as director might be, and whatever the correlative duties of the association to him because of that status, the proceeding here was strictly statutory and one wherein the only status that could be considered material was that the initiator of the proceeding be a member of the association. Scrudato's managerial rights as a director were not involved, nor were his rights and obligations as a fiduciary. Neither was the availability of relief under analogous corporation doctrines involved. Cf. DeFazio v. Haven Savings and Loan Ass'n, above. Scrudato's status as director should not have been accepted as making unnecessary the finding which the Commissioner was required to make, and upon which the right to the relief sought depended.
*273 Whether the evidence would, in fact, have supported a finding of good faith on the part of Scrudato  and also, incidentally, that the supplying of the information sought would be in the best interests not only of the applicant but the association and its other members  is immaterial. The Commissioner was charged by statute with making such findings. He deemed it unnecessary to pass upon that phase of the matter. We may observe, in passing, that this is not a case where it patently appears from the determination that the agency or official in fact made the ultimate finding required by the statute, but where it was denied that the point was being determined. See Tomko v. Vissers, 21 N.J. 226, 239 (1951); Bierce v. Gross, 47 N.J. Super. 148, 158 (App. Div. 1956); Ward v. Scott, 11 N.J. 117, 126 (1952). The admitted failure of the Commissioner to find on the issue of Scrudato's good faith vitiates his determination and order.
These conclusions make unnecessary any discussion upon the point addressed to the Commissioner's refusal to grant Mascot a rehearing.
We have before us a statement in lieu of brief filed by the Attorney-General pursuant to R.R. 1:7-4(b) noting that although the Commissioner of Banking and Insurance is not nominally a party, the subject matter of the appeal does involve the propriety of the action taken by him; that following the filing of the notice of appeal the record of the proceedings before the Commissioner was filed with this court under letter of transmittal dated November 13, 1957 by the Deputy Attorney-General; and that since that time neither the Commissioner nor the Attorney-General received notice of the argument. He has stated that since the position of the Commissioner is being defended by Scrudato and the cause involves the rights of the two parties as distinguished from those involving a state agency, no brief would be filed. Further opportunity was given the Attorney-General to file a brief following the oral argument, but he has notified us that none would be submitted.
The determination and order of the Commissioner is reversed and Scrudato's application dismissed.