EUNICE M. BRYAN LOWDEN, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 11, 1963—Decided March 15, 1963.

Before Judges FOLEY, FREUND and KILKENNY.

*Mr. Herbert Kestner* argued the cause for appellant.

*Mr. Edward A. Kaplan* argued the cause for respondent.

PER CURIAM. This is an appeal from a decision of the Board of .Review affirming a determination of the Appeal Tribunal, both bodies constituting parts of the administrative process of the Division of Employment Security, Department of Labor and Industry.

In gross, appellant attacks the merits of a determination of a deputy of the department by which her monetary benefits under the unemployment law were fixed.

We do not reach a review of the merits of such decision. Rather, we are concerned here with our jurisdiction to consider the matter.

The essential and controlling facts relating to this phase of the appeal are not in dispute. On November 17, 1961 the deputy made the award which claimant challenges. His determination was delivered to claimant in person on November 28, 1961 at the office of the agency. The Appeal Tribunal, empowered by statute to review such determinations, received a letter of appeal from the claimant on December 11, 1961. The letter bore the date of December 6, 1961 and was postmarked December 9, 1961.

On June 21, 1962, after a hearing, the Appeal Tribunal held the appeal to be untimely, and dismissed it in accordance with *N. J. S. A.* 43:21–6(b)(1). On appeal the Board of Review affirmed this decision, as above noted.

Since the right to unemployment compensation benefits is purely statutory (*R. S.* 43:21–1 *et seq.*), the procedural aspects of the enforcement of such right are governed entirely and exclusively by the statute. *N. J. S. A.* 43:21–6(b)(1) provides in part:

"Unless the claimant or any interested party *within 7 calendar days after delivery of notification of an initial determination* or within 10 calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith, except for such determinations as may be altered in benefit amounts or duration as provided in this paragraph." (Emphasis added)

Pursuant to its statutory authority to prescribe rules (see *N. J. S. A.* 43:21–6(f)) the Board of Review promulgated rule BR 3.01 entitled "Appeals to Appeal Tribunals," the pertinent part of which, as amended, provides:

"(a)  *  *  *
The date on which an appeal is filed is the date of the postmark, or in the event the postmark is missing, the date of receipt by an office or employee of the Division of Employment Security authorized to accept appeals."

Rules and regulations adopted by administrative authorities pursuant to power delegated to them by the Legislature have

the force and effect of law. *State v. Atlantic City Electric Co.*, 23 *N. J.* 259, 270 (1957) ; *Cammarata v. Essex County Park Comm.*, 46 *N. J. Super.* 262 (*App. Div.* 1957), affirmed 26 *N. J.* 404 (1958).

It is indisputable that claimant's time for taking an appeal in this case expired on December 5, 1961 and that at the end of that day the determination of her claim by the deputy became final and conclusive. It has already been held by our Supreme Court that this time limitation, though short, may be said to be fair. *Air-Way Branches, Inc. v. Board of Review,* 10 *N. J.* 609, 615 (1952). Claimant relies upon that case as authority for the proposition that the court may make exceptions to the enforcement of the statutory time limitation. The case does not so hold. There, an appeal was held timely when filed immediately upon the receipt of the agency's determination by the employer at its Toledo, Ohio office. While the filing took place after expiration of the statutory period, the delay in receipt of the agency's notice was occasioned by the unauthorized acceptance and acknowledgment of it by one of appellant's employees at an address other than one which qualified as the "last known address" of the employer within the purview of the statute.

Claimant argues that the court should judicially recognize the fact that the mails are slow during the pre-Christmas season, and that invoking principles of liberal construction applicable to the interpretation of social legislation, claimant's tardiness in appealing should be indulged. We agree that the Unemployment Compensation Law is social legislation which should be construed by the courts to give effect to its beneficent purposes. However, this does not mean that where the Legislature has fixed an absolute deadline in the statute for the performance of an act the court is privileged to extend such time limitation.

Lastly, we point out that even had claimant's notice of appeal been postmarked December 6, as she herself dated the letter, it would have been untimely. Thus, delay in postmarking the missive was of no significance.

We are, therefore, constrained to hold that the untimeliness of claimant's notice of appeal deprives us of jurisdiction and, accordingly, the appeal is dismissed. No costs.