80 N.J. Super. 393 (1963)
193 A.2d 868
HESS OIL & CHEMICAL CORPORATION, A DELAWARE CORPORATION, APPELLANT,
v.
DOREMUS SPORT CLUB; NEWARK BOARD OF ALCOHOLIC BEVERAGE CONTROL; and STATE OF NEW JERSEY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1963.
Decided September 23, 1963.
*394 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. David M. Pindar argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. Avrom J. Gold, Deputy Attorney General, argued the cause for respondents (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney for respondent Division of Alcoholic Beverage Control; Mr. Herbert S. Alterman, Deputy Attorney General, of counsel; Messrs. Rosenberg & Kesselman, attorneys for respondent Doremus Sport Club; Mr. Phillip Kesselman, of counsel).
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal from a determination of the Director of the Division of Alcoholic Beverage Control (Division) that it had no jurisdiction to entertain an appeal taken out of time.
On December 13, 1962 appellant Hess Oil & Chemical Corporation (Hess) had filed written objection to an application by Doremus Sport Club for a place-to-place transfer of its *395 plenary retail consumption license to 184-188 Doremus Avenue, Newark, immediately adjacent to Hess' petroleum storage facilities. A hearing was held by the Newark Municipal Board of Alcoholic Beverage Control on December 19, 1962. At the hearing Hess requested an adjournment to allow it to obtain an expert witness who could testify as to the fire hazard which Hess alleged the planned transfer would involve. The request was denied, and it was announced that decision on the transfer application would be reserved. On January 28, 1963 Hess telephoned the secretary of the local board to ascertain the status of Doremus' application, and learned that the transfer had been approved, effective December 21, 1962. Hess filed a petition of appeal with the Division on January 29, 1963. Since this was 39 days after the effective date of the transfer, the petition was dismissed as being out of time.
N.J.S.A. 33:1-26 provides in part for appeals concerning transfers of liquor licenses. The fifth paragraph thereof is controlling in this case:
"If the other issuing authority shall refuse to grant a transfer the applicant shall be notified forthwith of such refusal by a notice served personally upon the applicant, or sent to him by registered mail addressed to him at the address stated in the application, and such applicant may, within 30 days after the date of service or mailing of such notice, appeal to the director from the action of the issuing authority. If the other issuing authority shall grant a transfer any taxpayer or other aggrieved person opposing the grant of the transfer may, within 30 days after the grant of such transfer, appeal to the director from the action of the issuing authority."
Hess argues that since it received no notice of the Newark board's adverse decision, its immediate appeal upon learning of the transfer should be deemed timely. Such a construction would be contrary to the statutory mandate. The paragraph quoted above makes separate provision for two classes of persons: those whose applications for transfer have been denied, and those who object to the granting of a transfer. In the first case, applicants must be "notified forthwith"; they must appeal "within 30 days after the date of service or mailing of such notice." In the second case, *396 aggrieved third parties must appeal "within 30 days after the grant of such transfer"; mention of "notice" is significantly absent. The reason for this differentiation is obvious. Objections to transfers of liquor establishments are often quite numerous. The Legislature has chosen to require each individual objector to keep himself informed of a local board's decisional process rather than burden the local board with taking names and addresses, and later notifying the potentially large number of interested persons. There is no statutory requirement that a local board notify objectors of its decision to grant a place-to-place transfer. Compare Borough of Fanwood v. Rocco, 33 N.J. 404, 416 (1960); Lubliner v. Board of Alcoholic Bev. Con., etc., Paterson, 33 N.J. 428, 445 (1960).
In support of its position Hess relies upon De Nike v. Board of Trustees, Employees Ret. System of N.J., 34 N.J. 430 (1961), and Schack v. Trimble, 28 N.J. 40 (1958). We find both to be inapposite. The litigants in those cases were applicants, and the Supreme Court was concerned with the proper construction of rules of court in deciding whether the appeals to this court were timely. Enlargement of statutory time for appeal to a state administrative agency lies solely within the power of the Legislature, Borough of Park Ridge v. Salimone, 21 N.J. 28, 47 (1956), affirming 36 N.J. Super. 485 (App. Div. 1955), and not with the agency or the courts, Scrudato v. Mascot S. & L. Assn., 50 N.J. Super. 264, 270 (App. Div. 1958).
Since the appeal was untimely, the Division acted properly in refusing to hear it. Indeed, the Division had no jurisdiction to accept the appeal. Scrudato v. Mascot S. & L. Assn., supra, 50 N.J. Super., at p. 269. See also American Fruit Growers, Inc. v. Lewis D. Goldstein Fruit & Produce Corp., 78 F. Supp. 309, 311 (E.D. Pa. 1948); cf. 13 Rutgers L. Rev. 44, n. 5 (1958).
We do not agree with appellant's contention that the legislative requirement, in effect, that objectors be on notice as to the action of the local board, denies them due process.
*397 Finally, Hess contends that the Newark board gave no consideration to the public welfare in its decision, so that we should order a de novo hearing before the Division on that issue. The record does not disclose clearly what information or representations were laid before the local board at its hearing, and the presumption is that it acted properly and considered all relevant factors, including the public interest. Hess was given ample opportunity to be heard on the question.
We have no authority to order the Division to hear an appeal from a local board where the Division is without statutory jurisdiction, no matter what the nature of the complaint by the objectors.
Affirmed.