136 N.J. Super. 194 (1975)
345 A.2d 353
MIDLAND GLASS COMPANY, INC., APPELLANT,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION OF THE STATE OF NEW JERSEY, DIVISION OF ENVIRONMENTAL QUALITY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 2, 1975.
Decided September 3, 1975.
*196 Before Judges COLLESTER, LORA and HANDLER.
Messrs. Wilentz, Goldman & Spitzer, attorneys for appellant (Mr. Francis X. Journick, of counsel).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Michael J. Gross and Mr. Arnold Lakind, Deputy Attorneys General, on the brief).
PER CURIAM.
This is a consolidation of two appeals taken by Midland Glass Company, Inc. (Midland) from administrative orders issued by the Department of Environmental Protection, Division of Environmental Quality (Department) as a result of Midland's alleged violation of the Air Pollution Control Code. Both cases involve the question of whether the time period within which one aggrieved by an order of the Department must request a hearing is mandatory and, if so, whether it can be extended by the administrative agency. However, since the cases are factually distinguishable they will be dealt with separately.

I
In one case (A-3082-73) the Department on September 28, 1973 issued an order directing that Midland cease violation of N.J.A.C. 7:27-8(a) and (b) on or before October 16, 1973. More particularly, the Department charged that Midland had installed certain boosting equipment on the furnaces of its glass manufacturing plant without first having obtained a permit to install the same or a certificate *197 to operate the equipment, as required by the Code. The order specifically notified Midland that it had 15 days within which to request an administrative hearing, pursuant to N.J.S.A. 26:2C-14.1. Midland did not request a departmental hearing until October 23, 1973. Thereafter on May 23, 1974 the Department denied the request for a hearing because it was not made within the 15 days required by N.J.S.A. 26:2C-14.1. Midland appealed.
N.J.S.A. 26:2C-14 provides that if upon investigation and inspection the Department discovers a person is violating any code, rule or regulation promulgated by the Department it may issue an order requiring that such violation must cease. N.J.S.A. 26:2C-14.1, provides in pertinent part, that:
Any person aggrieved by an order of the department under this act may, upon application made within 15 days after notice thereof, be entitled to a hearing before the department which shall within 30 days thereafter hold a hearing of which at least 15 days written notice shall be given to such persons.
Midland contends that the 15-day period in which a hearing may be requested under the statute is permissive and not mandatory. The Department asserts that the statutory period is mandatory and therefore the Department does not have jurisdiction to extend the 15-day time limitation established by the Legislature.
Appellant argues that the 15-day time limitation of N.J.S.A. 26:2C-14.1 is permissive because of use of the word "may." We do not agree. The punctuation of the statute clearly indicates that the word "may" does not refer to the 15-day time limitation provision but to the fact that a person aggrieved by the order may request a hearing. Moreover, the word "may" used in other statutes granting the right to an administrative hearing has not been construed to affect the time limitations imposed by the statutes. See Hess Oil & Chem. Corp. v. Doremus Sport Club, 80 N.J. Super. 393 (App. Div. 1963); certif. den. 41 N.J. *198 308 (1964); Scrudato v. Mascot S. & L. Assn., 50 N.J. Super. 264 (App. Div. 1958).
The rule applicable to the instant case was set forth in Scrudato where we said:
Where a statute sets up precise time limits within which an aggrieved party may seek recourse to administrative adjudication, those limits have been held mandatory and not subject to relaxation. The agency is without power to waive them and proceed to hearing and determination notwithstanding non-compliance. [at 269]

* * *
[A]n administrative agency's power to hear any matter must derive from the Legislature, and where it has fixed a definite time within which parties must seek administrative relief, neither the administrator nor this court is in a position to enlarge that time. [at 270]
See also, Hess Oil & Chem. Corp. v. Doremus Sport Club, supra 80 N.J. Super. at 396, and Park Ridge v. Salimone, 21 N.J. 28, 47 (1956).
Midland also argues that, assuming the time limitation in the statute is mandatory, its failure to comply with the provision should be excused because the contest of the order will involve issues of whether the regulation is reasonable under the due process clause and whether it was promulgated within the authority given to the Department. We conclude that the argument is untenable. As noted above in Salimone, Hess and Scrudato, the enlargement of the statutory time limit lies solely within the power of the Legislature and the Department lacked jurisdiction to consider Midland's untimely request for a hearing.
Finally, appellant contends the Department should be estopped because of its long delay before notifying Midland that the request for a hearing was denied. The contention is devoid of merit. The doctrine of estoppel cannot be invoked to enlarge the 15-day mandatory time limitation where the administrative agency lacked jurisdiction to do so.

*199 II
In the other case (A-2378-73) the Department on August 14, 1973 issued an order alleging it had determined that Midland had violated N.J.A.C. 7:27-6.2(a) by permitting the emission of particles into the outdoor air from stacks of its manufacturing plant in excess of the maximum allowable emission rate prescribed by the Code. The order directed that Midland cease the violation by November 14, 1973 and notified the company that it had 15 days within which to request a hearing. Midland did not request a hearing until September 13, 1973 and thereafter on March 27, 1974 the Department denied the request because it was untimely. Midland filed a notice of appeal with this court.
While the appeal was pending the Department filed a complaint in the Chancery Division, pursuant to N.J.S.A. 26:2C-19, to compel Midland to comply with the emission standards and to pay a statutory penalty for violation of its order. The court granted Midland's motion for summary judgment dismissing the complaint on the ground that the Department had failed to promulgate and publish the procedures to be used for the purpose of measuring emissions, in accordance with the requirements of N.J.A.C. 7:27-6.3. The court concluded that the Department's failure to publish such procedures precluded Midland from determining whether it complied or violated the standards on air pollution and therefore the Department's determination that Midland violated N.J.A.C. 7:27-6.2(a) was unconstitutional. The Department filed a notice of appeal with this court which was subsequently dismissed by stipulation of the parties.
Appellant contends that since the Chancery Division held that the order of August 14, 1973 was invalid and unenforceable its appeal in this case is no longer necessary. The Department argues that the appeal is still viable.
*200 A reading of N.J.A.C. 7:27-6.2(a) which the Department charged that Midland violated clearly shows that compliance therewith is entirely dependent upon publication by the Department of the testing procedures required by N.J.A.C. 7:27-6.3. The Department having failed to comply therewith its order of August 14, 1973 was invalid. Accordingly, the appeal in this case has been rendered moot.
The Decision of the Department in the "permit and certificate case" (A-3082-73) is affirmed. The appeal in the "solid particulate emissions case" (A-2378-73) is dismissed as moot.