177 N.J. Super. 595 (1980)
427 A.2d 592
STATE OF NEW JERSEY, DEPARTMENT OF COMMUNITY AFFAIRS & JOSEPH A. LEFANTE, COMMISSIONER, RESPONDENTS,
v.
FRITZ AND MARVIN WERTHEIMER, APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 1980.
Decided May 19, 1980.
*597 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
Walter R. Cohn, attorney for appellants (Edward A. Berger on the brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondents (Erminie L. Conley, Assistant Attorney General, of counsel; Susan L. Reisner, Deputy Attorney General, on the brief).
PER CURIAM.
This appeal originally involved the consolidation of five appeals from fines levied by the State of New Jersey, Department of Community Affairs, upon the owners of residential apartment buildings. Immediately prior to submission of the five consolidated appeals to this court for determination, we were advised that four of them had been settled and stipulations of dismissal filed. The remaining appeal which now receives our attention is that of the State of New Jersey, Department of Community Affairs, and Joseph A. LeFante, Commissioner v. Fritz and Marvin Wertheimer, Docket No. A-3421-78.
The record discloses the following factual background. On June 23, 1977 the Department of Community Affairs (respondent) issued a document entitled "Inspection Report and Orders of the Commissioner" detailing 20 violations of the Hotel and Motel Dwelling Law, N.J.S.A. 55:13A-1 et seq., at the premises *598 of 403 Bergen Street, Newark, New Jersey. Fritz and Marvin Wertheimer, owners of the premises, were ordered to abate all violations noted by the date of reinspection. Appellants were also notified of their right to request a hearing within 15 days of the receipt of the Commissioner's order. Appellants received this document on June 22, 1977 [sic] but did not request a hearing. Instead, by letter, they requested a 60-day extension of time to abate the open violations. This request was granted by the Department and the time allowed for abatement was extended to October 18, 1977.
A reinspection of the premises on November 9, 1977 revealed a failure to abate the violations and appellants were assessed a penalty of $250 by notice and order dated January 25, 1978. Again, appellants were advised of their right to request an administrative hearing within 15 days of the receipt of the order. Appellants received this penalty notice on January 27, 1978 but did not request a hearing.
Appellants' premises were again reinspected on April 17, 1978 and the violations previously noted continued unabated. Appellants were thereupon served with a "Commissioner's Notice of Continuing Unabated Violations and Orders to Abate Violations and to Pay Penalty." This document, dated May 23, 1978, assessed a penalty of $3,000 against appellants. This notice, like the documents preceding it, contained notice to appellants of their right to request a hearing within 15 days of receipt of the notice. Appellants received notice of this penalty on May 25, 1978 and neither requested a hearing within 15 days nor paid the penalty assessed. By letter dated August 24, 1978 respondent informed appellants that since they had not paid the penalty their case was being referred to the Office of the Attorney General for suit under the Penalty Enforcement Law, N.J.S.A. 2A:58-1 et seq. Appellants, for the first time on October 19, 1978, requested an administrative hearing on the penalty assessed May 23, 1978. The request was denied as untimely and this appeal is from that denial.
Appellants contend:
*599 (1) They were denied their constitutional right to due process of law by the failure of respondent to hold an administrative hearing prior to assessing the penalty;
(2) The statutory requirement that an application for a factfinding hearing be filed within 15 days of receipt of the notice of the action taken is arbitrary and capricious and violated appellants' due process rights;
(3) In addition to an administrative factfinding hearing they were entitled to a factfinding hearing in Superior Court, citing N.J.S.A. 55:13A-16, and
(4) The fines and penalties are excessive.
We conclude these issues are all without merit.
The essential components of due process are adequate notice opportunity for a fair hearing and availability of appropriate review. In re Heller Suspension, 73 N.J. 292, 310 (1977). The fundamental requisite of notice involves "such notice as is in keeping with the character of the proceedings and adequate to safeguard the right entitled to protection." State v. Standard Oil Co., 5 N.J. 281, 305 (1950), aff'd. 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951). Advance notice of a tax or penalty assessment is not necessary so long as the subject is afforded an opportunity to present his defenses to a competent tribunal before it is collected or the order to pay becomes irrevocable. Nickey v. Mississippi, 292 U.S. 393, 54 S.Ct. 743, 78 L.Ed. 1323 (1934); Horsman Dolls, Inc. v. Unemployment Comp. Comm'n, 7 N.J. 541, 550-551 (1951), app. dism. 342 U.S. 890, 72 S.Ct. 201, 96 L.Ed. 667 (1951); Malady v. Board of Review, 166 N.J. Super. 523, 530 (App.Div. 1979).
The time within which a person aggrieved by an administrative ruling may request a hearing under the Hotel and Multiple Dwelling Law is set by the statute at 15 days. N.J.S.A. 55:13A-18. Accordingly, the Department is without authority to entertain a request for a hearing not submitted in accord with the time period established by the statute. Scrudato v. Mascot S. & L. Ass'n, 50 N.J. Super. 264 (App.Div. 1958); Hess Oil *600 & Chem. Corp. v. Doremus Sport Club, 80 N.J. Super. 393 (App. Div. 1963), certif. den. 41 N.J. 308 (1964); Borgia v. Board of Review, 21 N.J. Super. 462 (App.Div. 1952); Malady v. Board of Review, supra at 527; Lowden v. Board of Review, 78 N.J. Super. 467 (App.Div. 1963).
Moreover, it is clear that appellants never sought an administrative review of the assessment of fines and penalties until October 19, 1978, long after the inspection, reinspection and assessment of fines and penalties had become an accomplished fact. It is thus clear that the 15-day time period did not prejudice appellants by its brevity.
Appellants' demand for a factfinding hearing in Superior Court "as provided in the statutes and rules of court" is again a meritless contention. The Superior Court is vested with jurisdiction over penalty enforcement actions brought by respondent. It is not vested with jurisdiction to conduct factfinding hearings as to the validity of the penalties per se. N.J.S.A. 55:13A-19(b) provides that penalties assessed by respondent may be recovered "in a civil action by a summary proceeding under the Penalty Enforcement Law (N.J.S. 2A:58-1) in the Superior Court." The applicable statute and Rules of Court (R. 4:70-4(b)) do not accord appellants a right to a full factfinding hearing in Superior Court on the validity of the penalties. Appellants' right to a review of the penalties assessed is provided by a timely request for an administrative hearing with appellate review in this court. R. 2:2-3; Pascucci v. Vagott, 71 N.J. 40 (1976).
Appellants' final contention is that the penalties assessed against them under N.J.S.A. 55:13A-19 are excessive and constitute cruel and unusual punishment.
The penalties were assessed in accord with the provisions of N.J.S.A. 55:13A-19(b) and we do not find the penalties assessed to be irrational or excessive in any sense of the term. The penalties imposed were at or near the statutory minimum rate and were not assessed on a daily/per diem basis. They could have been assessed at a much higher rate. Fines and penalties *601 assessed under other statutes at much greater rates per violation have been approved in other cases. Montclair v. Stanoyevich, 6 N.J. 479 (1951); State v. New Jersey Dairies, 101 N.J. Super. 149 (App.Div. 1968); State v. Elmwood Terrace, Inc., 85 N.J. Super. 240 (App.Div. 1964).
Affirmed.