586 A.2d 853

SCHAIBLE OIL COMPANY, INC., APPELLANT, v. NEW JERSEY
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 23, 1991—Decided February 14, 1991.

Before Judges MICHELS, GRUCCIO and D'ANNUNZIO.

*Gary T. Gann,* attorney for appellant.

*Robert J. Del Tufo,* Attorney General of New Jersey, attorney for respondent (*Paul H. Schneider,* Deputy Attorney General, of counsel; *Michael E. Kahn,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Appellant Schaible Oil Company (Schaible) appeals from a final administrative order of respondent Department of Environmental Protection (Department) that denied as untimely its request for a hearing with respect to an order imposing a $69,750 penalty for violations of the Water Pollution Control Act, *N.J.S.A.* 58:10A-1 *et seq.*

Schaible, a retail fuel oil distribution and service company, operates a facility located in Springfield, New Jersey. In 1985, Schaible received a New Jersey Pollutant Discharge Elimination Permit, imposing limits on the pollutant discharge allowed from the Springfield facility. On March 13, 1989, the Department issued an Administrative Order and Notice of Civil Administrative Penalty Assessment to Schaible for violations of the Water Pollution Control Act, *N.J.S.A.* 58:10A-1 *et seq.* The Department cited Schaible for discharging pollutants in violation of its permit and *N.J.S.A.* 58:10A-6 and assessed Schaible a $69,750 penalty. The order further provided that payment of the penalty was due when the Commissioner issued a final order subsequent to an administrative hearing challenging the penalty assessment or if no hearing was requested, when the notice became a final order. Specifically, the Notice of Civil Administrative Penalty Assessment provided:

13. If no request for a hearing is received within twenty (20) calendar days from receipt of this Notice of Civil Administrative Penalty Assessment, it shall become a final order upon the twenty-first calendar day following its receipt by Schaible, and the penalty shall be due and payable.

## NOTICE OF RIGHT TO A HEARING

14. Schaible is entitled to an administrative hearing. Any hearing request shall be delivered to the address referenced in paragraph 12 above within twenty (20) calendar days after receipt by Schaible of this Administrative Penalty Assessment.

Schaible received the Notice of Civil Administrative Penalty Assessment on March 16, 1989.

On April 10, 1989, Schaible requested an administrative hearing on the penalty assessment. On May 12, 1989, the Department denied Schaible's request because "[t]he Department received Schaible Oil's hearing request on April 10, 1989, twenty-five (25) days after Schaible Oil had received the Administrative Order and Notice of Civil Administrative Penalty Assessment." The Department informed Schaible that the administrative order was final because Schaible failed to timely request a hearing and therefore, the $69,750 penalty was due. Schaible appealed and we stayed the penalty pending appeal.

Schaible claims that the Department erred in denying its request for an adjudicatory hearing and that the statutory time limitation of 20 days should be tolled 5 days in this case. Schaible argues that the denial of a hearing in this matter would create a miscarriage of justice. We disagree.

The statutory time limitation for requesting an adjudicatory hearing is mandatory and jurisdictional. Firmly embedded in our law is the principle that "[e]nlargement of statutory time for appeal to a state administrative agency lies solely within the power of the Legislature ... and not with the agency or the courts." *Hess Oil & Chem. Corp. v. Doremus Sport Club*, 80 *N.J.Super.* 393, 396, 193 *A.*2d 868 (App.Div.1963), *certif. denied*, 41 *N.J.* 308, 196 *A.*2d 530 (1964) (citations omitted). *See Borough of Park Ridge v. Salimone*, 21 *N.J.* 28, 46–47, 120 *A.*2d 721 (1956); *Department of Community Affairs v. Wertheimer*, 177 *N.J.Super.* 595, 599–600, 427 *A.*2d 592 (App.Div. 1980); *In re Application of Modern Indus. Waste Serv., Inc.*, 153 *N.J.Super.* 232, 237–38, 379 *A.*2d 476 (App.Div.1977); *Midland Glass Co. v. Department of Envtl. Protection*, 136 *N.J.*

*Super.* 194, 197–98, 345 *A*.2d 353 (App.Div.1975), *certif. dismissed,* 70 *N.J.* 152, 358 *A*.2d 199 (1976); *Scrudato v. Mascot Sav. & Loan Ass'n of Newark,* 50 *N.J.Super.* 264, 269–71, 141 *A*.2d 797 (App.Div.1958). As this court explained in *Scrudato v. Mascot Sav. & Loan Ass'n of Newark,* 50 *N.J.Super.* at 269, 271, 141 *A*.2d 797:

> Where a statute sets up precise time limits within which an aggrieved party may seek recourse to administrative adjudication, those limits have been held mandatory and not subject to relaxation. The agency is without power to waive them and proceed to hearing and determination notwithstanding noncompliance.

>    \*    \*    \*    \*    \*    \*    \*    \*

> The fact that Scrudato's application was only two days out of time does not mitigate the invalidity of the action under review. Even a minor deviation from the statutory limit in a particular case is fatal.... This is not a mere technicality, but fundamental to the proper and necessary restraint of the exercise of judicial and administrative discretion. The remedy for results that either tribunal may deem unjust or unwise lies not in disregard of the statutory limitation, but in corrective legislation.

The Department issued the March 13, 1989 Notice of Civil Administrative Penalty Assessment pursuant to *N.J.S.A.* 58:10A–10(d), which provides in pertinent part:

> The commissioner is authorized to assess a civil penalty.... Any amount assessed under this subsection shall fall within a range established by regulation by the commissioner for violations of similar type, seriousness, and duration. No assessment shall be levied pursuant to this section until after the discharger has been notified by certified mail or personal service. The notice shall include a reference to the section of the statute, regulation, order or permit condition violated; a concise statement of the facts alleged to constitute a violation; a statement of the amount of the civil penalties to be imposed; and a statement of the party's right to a hearing. The ordered party shall have 20 days from receipt of the notice within which to deliver to the commissioner a written request for a hearing. After the hearing and upon finding that a violation has occurred, the commissioner may issue a final order after assessing the amount of the fine specified in the notice. If no hearing is requested, then the notice shall become a final order after the expiration of the 20–day period. Payment of the assessment is due when a final order is issued or the notice becomes a final order.

The Department's regulations provide the same 20 day time limitation.

> If the Department does not receive the hearing request within 20 days after receipt by the violator of the Notice of a Civil Administrative Penalty Assess-

ment and/or the Administrative Order being challenged, the Department shall deny the hearing request. [*N.J.A.C.* 7:14–8.4(b) ].

 The Department complied with the above statutory and administrative code requirements. The Department received Schaible's hearing request on April 10, 1989, 25 days after Schaible received the Notice of Civil Administrative Penalty Assessment. Because Schaible's request was untimely, the Department lacked jurisdiction to hear the appeal and thus, acted properly in denying Schaible's hearing request. Both the Department and this court lack authority "to entertain a request for a hearing not submitted in accord with the time period established by the statute." *Department of Community Affairs v. Wertheimer,* 177 *N.J.Super.* at 599, 427 *A.*2d 592.

*White v. Violent Crimes Compensation Board,* 76 *N.J.* 368, 388 *A.*2d 206 (1978), relied upon by Schaible, is clearly distinguishable and does not support a contrary result. In *White,* the Violent Crimes Compensation Board denied benefits to a rape victim because the victim failed to file a claim within the statutory time frame. There, our Supreme Court adopted the view that "in the case of a statutorily created right, a 'substantive' limitation period may appropriately be tolled in a particular set of circumstances if the legislative purpose underlying the statutory scheme will thereby be effectuated." *Id.* at 379, 388 *A.*2d 206. In addition to the obvious factual differences between *White* and the present case, *White* is inapplicable here because Schaible's failure to file a timely request for a hearing does not fall within the exception carved out by the Court in *White.* Contrary to Schaible's assertion, the legislative purpose underlying the statutory scheme would not be effectuated by permitting Schaible to file an untimely request for a hearing.

Accordingly, we affirm the Department's final administrative order that denied Schaible's request for a hearing. In view of our decision, we do not reach the other issues relating to the validity and propriety of the penalty assessed against Schaible.