NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-6228-12T3

ANDREA N. FRAZIER,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR and CENTER FOR FAMILY
SERVICES, INC.,

     Respondents.

| APPROVED FOR PUBLICATION |
| :---: |
| **January 22, 2015** |
| **APPELLATE DIVISION** |

_____

Submitted January 6, 2015 – Decided January 22, 2015

Before Judges Koblitz, Haas and Higbee.

On appeal from Board of Review, Department of Labor, Docket No. 335,488.

South Jersey Legal Services, Inc., attorneys for appellant (Lee Ginsburg, on the brief).

John J. Hoffman, Acting Attorney General, attorney for respondent (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Anthony DiLello, Deputy Attorney General, on the brief).

Respondent Family Services, Inc. has not filed a brief.

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Claimant Andrea Frazier appeals from the July 12, 2013 final decision of the Board of Review, Department of Labor and Workforce Development, (the Board), affirming the Appeal Tribunal's decision partially disqualifying her for unemployment benefits,[1] due to claimant's decision to voluntarily leave part-time weekend employment after being involuntarily terminated from her full-time job. Because her reasons for leaving her part-time employment satisfy an exception to the disqualification for benefits that a voluntary decision to quit ordinarily carries, we reverse.

Claimant began employment as a full-time mental health clinician at the University of Medicine and Dentistry of New Jersey (UMDNJ) in 2005. In 2009 she also began working part-time as needed on weekends as a counselor at the Center for Family Services (CFS). On April 8, 2010, she was laid off from UMDNJ through no fault of her own. Seven months later she voluntarily quit her part-time CFS job to take other part-time weekend work at Trenton Psychiatric Hospital (TPH), which offered her higher pay and a regular schedule as well as a possible path to full-time employment. Claimant worked at this

_____

[1] Our prior remand to the agency, requested by the agency for purposes of a recalculation, resulted in a restoration of $7 in weekly benefits, leaving a reduction of $89 per week due to claimant's partial disqualification from benefits.

weekend job for only four months, quitting due to the dangerous conditions on the job, which made the job unsuitable.[2]

The only issue before us is whether the Board abused its discretion in finding that claimant's decision to leave her part-time CFS job partially disqualified her from receiving unemployment benefits.

Our review of an administrative agency's final action is quite limited. "[A]n appellate court will not upset an agency's ultimate determination unless the agency's decision is shown to have been arbitrary, capricious, or [] unreasonable, or not supported by substantial credible evidence in the record as a whole." Barrick v. State, 218 N.J. 247, 259 (2014) (citations and internal quotation marks omitted). The decision of an administrative agency carries with it the presumption of reasonableness. N.J. Ass'n of Sch. Adm'rs v. Schundler, 211 N.J. 535, 548 (2012) (citing N.J. Soc'y for Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 385 (2008)). We defer to an agency's interpretation of its own regulations unless "plainly unreasonable." In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262

---

[2] The agency accepted claimant's contention that being required to work with violent mentally ill patients without adequate security rendered this job unsafe and therefore unsuitable. She was, however, held accountable for the prior separation from CFS, reducing her benefits and leading to this appeal.

(2010) (citations and internal quotation marks omitted). "[W]hen [the] agency's decision is plainly mistaken," however, it is entitled to no such deference and must be reversed in the interests of justice. W.T. v. Div. of Med. Assistance & Health Servs., 391 N.J. Super. 25, 36 (App. Div. 2007) (citations omitted).

New Jersey's Unemployment Compensation Law, N.J.S.A. 43:21-1 to -24.30, "provides financial assistance to eligible workers suffering the distress and dislocation caused by unemployment." Utley v. Bd. of Review, 194 N.J. 534, 543 (2008) (citation omitted). N.J.S.A. 43:21-5(a) disqualifies an individual from the receipt of unemployment compensation benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work and for each week thereafter until the individual becomes reemployed." Therefore, "benefits are available to a worker who voluntarily leaves his job only if it is for 'good cause attributable to [the] work.'" Utley, supra, 194 N.J. at 544 (quoting N.J.S.A. 43:21-5(a)). The phrase "'good cause attributable to such work' means a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). If an employee leaves a job for personal reasons, the employee is disqualified

4

under the statute. _Utley_, _supra_, 194 _N.J._ at 544-45. "The burden of proof is on the claimant to establish good cause attributable to such work for leaving." _N.J.A.C._ 12:17-9.1(c).

Claimant quit CFS only after being terminated from her full-time job at UMDNJ. She could not live on the income from the sporadic hours of weekend work provided by CFS. She argues that, because of the termination of her full-time employment and her inability to find comparable full-time work, she was forced to find better-paying and more dependable part-time work. She anticipated that the job at TPH would provide a path to full-time employment.

_N.J.A.C._ 12:17-9.2, entitled "Voluntarily leaving secondary part-time employment[,]" provides:

> (a) A worker, who is employed by two or more employers, one of which is full-time work and the other(s) part-time work, who is separated from the full-time employment and becomes eligible for benefits, and subsequently voluntarily leaves the part-time employment, shall be subject to a partial disqualification for voluntarily leaving the part-time employment. An individual may avoid partial disqualification if he or she can establish good cause attributable to such work as defined in _N.J.A.C._ 12:17-9.1(b).
>
> . . . .
>
> 2. Personal reasons for leaving part-time employment which arise from the loss of the full-time employment may

5

constitute good cause attributable to such work.

The Board argues that this provision was intended to apply only when a part-time job interferes with the search for full-time employment, as occurred in Goodman v. Board of Review, 245 N.J. Super. 551 (App. Div. 1991). Goodman held that claimant was entitled to benefits after quitting her part-time job, which she obtained after being terminated from full-time employment, because that job interfered with her search for full-time employment and was not "suitable employment" in any event, as it paid substantially less than her full-time job. Id. at 560. In contrast to the situation in Goodman, a worker who has both a full- and part-time job at the same time and, after losing the full-time job, voluntarily leaves the part-time job, is extremely unlikely to have left the part-time job because it interfered with seeking a full-time job. Thus, if N.J.A.C. 12:17-9.2(a)(2) is to be applied to individuals who worked part-time while holding down a full-time job, as is clear from the plain language of the regulation, other personal reasons constituting "good cause" must logically be included.

The Tribunal, without explicitly addressing N.J.A.C. 12:17-9.2(a)(2), reasoned that because claimant could search for a full-time job and still work when needed on weekends, she did not qualify for the exception to partial disqualification from

6

benefits when leaving part-time work for personal reasons due to the loss of a full-time job. The Board affirmed, adding no further explanation. We are constrained to reject this constricted interpretation because it is "plainly unreasonable." In re Election Law Enforcement Comm'n Advisory Op. No. 01-2008, supra, 201 N.J. at 262 (citations and internal quotation marks omitted). If the provision was so narrowly intended, we can think of no reason why it would not explicitly communicate this narrow intent.

We note as well that Goodman recognizes the unreasonableness of disqualifying a claimant on the basis of quitting a low-paying job that she would not have been required to accept due to its lack of financial suitability.[3] Goodman, supra, 245 N.J. Super. at 558-60; see also N.J.S.A. 43:21-5(c)(1) (delineating the factors to be considered in determining whether work is "suitable"); Wojcik v. Bd. of Review, 58 N.J. 341, 345-46 (1971) (holding that voluntarily quitting brief full-time employment, which began following termination from

---

[3] We recognize that Goodman, decided prior to the promulgation of N.J.A.C. 12:17-9.2(a)(2), left open the possibility of partial disqualification due to quitting a part-time job obtained after being terminated from full-time employment. Goodman, supra, 245 N.J. Super. at 558-59. The Board, however, argues inconsistently that N.J.A.C. 12:17-9.2(a)(2) was promulgated to implement Goodman by avoiding partial disqualification in a Goodman situation, yet it also argues that Goodman's apparent allowance of partial disqualification should be applied here.

long-term full-time employment, does not disqualify an employee when the brief full-time work was unsuitable due to low pay, inconsistency with prior training, and a risk to health); <u>Johns-Manville Prods. Corp. v. Bd. of Review</u>, 122 <u>N.J. Super.</u> 366, 370 (App. Div. 1973) (holding that a substantial reduction in wages is good cause to leave work and renders the job unsuitable).

We are aware that the provision is written with the permissive word "may[,]" indicating that all personal reasons that arise from the loss of full-time employment do not necessarily provide "good cause attributable to the work" and thus eligibility for full benefits. <u>N.J.A.C.</u> 12:17-9.2(a). The Board, however, has not provided any reasons other than its unreasonably narrow interpretation of the provision to justify rejecting claimant's compelling reasons. Claimant reasonably sought to improve her employment situation by accepting a part-time job with guaranteed hours and better pay, a job that might lead to full-time employment. She was forced to take on the inherent risk and unpredictability of a new part-time job only because she lost her full-time job. The agency's interpretation is inconsistent with <u>Goodman</u>, <u>Wojcik</u> and <u>Johns-Manville</u> and contrary to the governing statute, <u>N.J.S.A.</u> 43:21-5(a), as implemented by <u>N.J.A.C.</u> 12:17-9.2(a)(2). We therefore reverse

8

the Board's decision to partially disqualify claimant from benefits.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION