**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4338-16T1
     A-0747-17T1
     A-0748-17T1

PARIS E. ARMWOOD,

  Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and MONTCLAIR GOLF
CLUB,

  Respondents.

_____

Submitted October 31, 2018 – Decided December 11, 2018

Before Judges Fuentes and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket Nos. 084,533, 084,535, and 084,538.

Paris E. Armwood, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Elizabeth A. Davies, Deputy Attorney General, on the brief).

Respondent Montclair Golf Club has not filed a brief.

PER CURIAM

In these consolidated appeals, Paris E. Armwood challenges final administrative determinations by the Board of Review (Board) dismissing his appeals from adverse decisions rendered by the Appeal Tribunal holding him liable for refunds of unemployment benefits paid under three separate claims. The Board ruled the appeals were not timely under N.J.S.A. 43:21-6(c), which provides that the Appeal Tribunal's decision shall be deemed to be the final decision of the Board unless, within twenty days after notification or mailing of the Appeal Tribunal's decision, a further appeal is filed.  Armwood claims:

> POINT I
>
> APPELLANT'S OVERPAYMENT LIABILITY SHOULD BE LESS THAN IT IS BECAUSE OF HIS BANKRUPTCY DISCHARGE
>
> POINT II
>
> APPELLANT'S APPEAL TO BOARD OF REVIEW SHOULD NOT HAVE BEEN DISMISSED BECAUSE GOOD CAUSE WAS NOT SHOWN IN APPEAL
>
> POINT III
>
> RESPONDENT ALLEGES THAT OVERPAYMENT WAS DISCOVERED IN SEPTEMBER 2015 BUT

BANKRUPTCY CERTIFICATION OF NOTICE WAS
FILED APRIL 2014

In his reply brief, Armwood also raised the following points:

POINT I

APPELLANT'S APPEAL TO BOARD OF REVIEW
SHOULD NOT HAVE BEEN DISMISSED BECAUSE
GOOD CAUSE WAS NOT SHOWN

A. No Proof of Timely Mailing by Appeals Tribunal

B. Good Cause Rule

POINT II

APPELLANT'S OVERPAYMENT LIABILITY
SHOULD BE LESS THAN IT IS BECAUSE OF HIS
BANKRUPTCY DISCHARGE

A. Inclusion of Bankruptcy

B. 11 USC Subsection 523(a)

POINT III

RESPONDENT ALLEGES THAT OVERPAYMENT
WAS DISCOVERED IN SEPTEMBER 2015, BUT
U.S. BANKRUPTCY CERTIFICATION OF NOTICE
WAS FILED APRIL 2014

We discern no error in the Board's decisions and affirm.

Our "review [of] administrative agency decisions is limited." Brady v.

Bd. of Review, 152 N.J. 197, 210 (1997) (citing Public Serv. Elec. v. N.J. Dep't

3                                                          A-4338-16T1

of Envtl. Prot., 101 N.J. 95, 102 (1985)). We will not disturb the Board's action unless it is "arbitrary, capricious, or unreasonable." Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)). "We [also] defer to an agency's interpretation of its own regulations unless [that interpretation is] 'plainly unreasonable.'" Frazier v. Bd. of Review, Dep't of Labor, 439 N.J. Super. 130, 134 (App. Div. 2015) (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). "'[W]hen [the] agency's decision is plainly mistaken,' however, it is entitled to no such deference and must be reversed in the interests of justice." Ibid. (alterations in original) (quoting W.T. v. Div. of Med. Assistance & Health Servs., 391 N.J. Super. 25, 36 (App. Div. 2007)).

We briefly review the facts pertinent to this appeal. In three separate determinations on September 18, 2015, the Director of the Division of Unemployment and Disability (Director) held Armwood liable, pursuant to N.J.S.A. 43:21-16(d), for refunds of benefits paid after he falsely or fraudulently misrepresented his earning during three separate periods in 2008, 2009 and 2010, fined him as authorized by N.J.S.A. 43:21-16(a) and disqualified him pursuant to N.J.S.A. 43:21-5(g)(1) from benefits for a one-year period from the date the Division discovered Armwood's illegal receipt of benefits. Armwood filed an appeal of each determination on February 22, 2016. The appeals were

considered filed within time in light of Armwood's claim that he never received the Director's determinations which were mailed to Armwood on September 17, 2015.

The Appeal Tribunal affirmed the Directors' determinations on each claim and mailed each decision to Armwood on April 20, 2016. Armwood, in a letter to the Board dated March 9, 2017, stated his disagreement with the amount of the monies owed the Division. The Board filed the letter on March 20, 2017 as an appeal of all three of the Appeal Tribunal's decisions but dismissed each appeal because Armwood's letter was filed beyond the twenty-day statutory period without a showing of good cause.

The good cause exception to the twenty-day time limit on unemployment-appeals filings, codified pursuant to our Supreme Court's holding in Rivera v. Board of Review, 127 N.J. 578 (1992), allows tardy filings where an appellant shows: "1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." N.J.A.C. 12:20-4.1(h).

Armwood claims in his merits brief he received notice of the Appeal Tribunal's decisions only after his wife told him "that the Department of Labor

had taken their taxes." He does not specify when his wife so advised him. He does, however, state in his brief that, after he contacted the Department of Labor "in July [2016,] they sent him the [d]ecision dated April 20, 2016."

Even accepting Armwood's claim that he did not receive the mailed decision after it was posted in April 2016, he offered no competent evidence that his filing – eight months after he received the decisions in July – was late due to circumstances beyond his control or was delayed because of circumstances which could not reasonably have been foreseen or prevented so as to constitute good cause under N.J.A.C. 12:20-4.1(h). Absent proof of good cause, we affirm the Board's dismissal of Armwood's appeals on these three matters.

Armwood contends his claims should be reduced because his 2014 bankruptcy petition included the "NJ Department of Labor, Unemployment Insurance" as a debtor to whom a notice was sent by the Bankruptcy Noticing Center on July 20, 2014. Armwood did not mention the bankruptcy proceedings in the March 2017 appeal letter he sent to the Board.[1] The Board was not presented with that issue and we thus decline to consider it. Nieder v. Royal

---

[1] Nor does Armwood explain how the monetary liabilities established by the Director's September 18, 2015 decisions were discharged by the July 18, 2014 order of the United States Bankruptcy Court granting him a debtor's discharge.

Indem. Ins. Co., 62 N.J. 229, 234 (1973); <u>see also</u> <u>Brady v. Dep't of Pers.</u>, 149 N.J. 244, 266-67 (1997) (applying <u>Nieder</u> to an agency determination).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4338-16T1