**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0576-19

GEORGE SPADEA, SR.,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and LOWE'S HOME
CENTERS, LLC.,

     Respondents.

_____

Submitted January 5, 2021 – Decided April 14, 2021

Before Judges Gilson and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket No. 183,929.

George Spadea, Sr., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Jana R. DiCosmo, Deputy Attorney General, on the brief).

PER CURIAM

In a final agency decision, the Board of Review upheld the Appeal Tribunal's decision dismissing George Spadea, Sr.'s appeal from a Deputy's determination disqualifying him from benefits because he "left work voluntarily without good cause attributable to [that] work." He appeals from the Board's decision and the Director's request for a refund of $2,282 Spadea received as benefits during three separate periods.

The appeal was dismissed because it was not timely filed pursuant to N.J.S.A. 43:21-6(b)(1) which provides in part:

> Unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith[.]

The Tribunal concluded it was without jurisdiction to rule on the merits of Spadea's appeal because he failed to establish an appeal was filed within ten days after the Director's Notice of Determination and Request for Refund of Unemployment Benefits (the notice) was mailed on May 17, 2019, or within seven days of its delivery; it was filed May 30, 2019.[1]

---

[1] As the Board acknowledges in its merits brief, May 27, 2019—the tenth calendar day after the mailing date—was Memorial Day, and the deadline was accordingly extended to May 28, 2019.

Spadea contends "there is no proof on what date [he] received" the notice; and "[n]o due dates were given within the document nor [was a] signature required for receipt of the . . . documents."  As such, "there is no verifiable way the Board . . . can unequivocally state the appeal was received 'two days' late' and deny all appeals based on a date arbitrarily assigned by the Board"; and "[a] fair and impartial review of the Request for Repayment of Unemployment Benefits was unattainable by the Board . . . with no circumstances or statements of fact able to circumvent the 'late by two days so everything is dismissed' ruling."[2]

Under our limited standard of review, the Board's decision must be affirmed.

We owe considerable deference to the Board in administering our state's unemployment compensation laws, Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997), and will reverse an agency's determination only if it is "arbitrary, capricious, . . . unreasonable," or unsupported "by substantial credible evidence," Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001).  "[I]n reviewing the factual findings made in an unemployment compensation

---

[2] Spadea also included arguments regarding the merits of his unemployment claim.  We need not consider them because the Board's procedural ruling regarding the Tribunal's jurisdiction was correct.

3

proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985); see also Brady, 152 N.J. at 210.

"We [also] defer to an agency's interpretation of its own regulations unless [that interpretation is] 'plainly unreasonable.'" Frazier v. Bd. of Rev., Dep't of Lab., 439 N.J. Super. 130, 134 (App. Div. 2015) (quoting In re Election L. Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010)). We need not defer and will reverse in the interests of justice "[w]hen [the] agency's decision is plainly mistaken." Ibid. (second alteration in original) (quoting W.T. v. Div. of Med. Assistance & Health Servs., 391 N.J. Super. 25, 36 (App. Div. 2007)).

"The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the person challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006); see also Brady, 152 N.J. at 218 ("Claimants bear the burden of proof to establish their right to unemployment benefits.").

We first note that the notice set forth explicit appeal-procedure instructions, including the time constraints of N.J.S.A. 43:21-6(b)(1), the "good

4

"cause" extension provisions of N.J.A.C. 12:20-3.1(i) and the address to which the appeal could be mailed.

It is undisputed that Spadea's appeal was filed beyond the ten-day window after the notice was mailed. And, as the Tribunal observed based on his testimony before the appeals examiner, because Spadea "was unable to recall the exact date [on] which the [notice] was received or exactly how long he was in receipt of [the notice] before filing the initial appeal," he did not meet his burden to establish that the appeal was filed within seven days after he received the notice.

Thus, Spadea was required to establish good cause for the late filing. N.J.A.C. 12:20-3.1(i). "Good cause exists in circumstances where it is shown that: 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." Ibid.

Spadea explained to the appeals examiner that before he filed the appeal, he wanted to obtain paystubs which "took a few days to get," and that he then "went through them all and . . . put them together" which "took some time to do[.]" When asked for any other reason the appeal was tardy, Spadea told the

appeal examiner he "work[ed] pretty long hours" at his primary job and it was "hard" for him, because he was seventy-five years old and not "like [thirty] anymore."[3]

Deferring to the Board's interpretation of N.J.A.C. 12:20-3.1(i), we cannot conclude its determination that Spadea's explanation did not establish good cause was plainly unreasonable. See Frazier, 439 N.J. Super. at 134. His stated reasons did not establish that the late filing was due to circumstances beyond his control or circumstances that could not have been reasonably foreseen or prevented. See N.J.A.C. 12:20-3.1(i). As the appeal examiner pointed out, Spadea could have filed the appeal without the pay stubs, and his work schedule and age did not establish "good cause" for the late filing.

We recognize the Unemployment Compensation Law, N.J.S.A. 43:21-1 to -71, is social legislation which should be construed by the courts to give effect to its beneficent purposes. Utley v. Bd. of Rev., Dep't of Lab., 194 N.J. 534, 543 (2008). That "does not mean that where the Legislature has fixed an absolute deadline in the statute for the performance of an act the court is

---

[3] Spadea testified he had worked full-time as a driver for Quality Business Solutions, also known as Great American Trolley, and part-time for Lowe's Home Centers, LLC but had to resign from employment at Lowe's because "[t]wo jobs [were] too much for [him] to work."

privileged to extend such time limitation." Lowden v. Bd of Rev., 78 N.J. Super. 467, 469-70 (App. Div. 1963) ("Since the right to unemployment compensation benefits is purely statutory ([N.J.S.A. 43:21-1 to -71]), the procedural aspects of the enforcement of such right are governed entirely and exclusively by the statute."). The time periods set forth in N.J.S.A. 43:21-6 have been recognized as short but fair. Id. at 470; see also Air-Way Branches, Inc. v. Bd. of Rev., 10 N.J. 609, 615 (1952).

New Jersey courts have consistently held that the statutory filing deadlines for unemployment appeals to be of jurisdictional import. Hopkins v. Bd. of Rev., 249 N.J. Super. 84, 88-89 (App. Div. 1991). Absent good cause, the Appeal Tribunal was without authority to hear Spadea's late appeal. We thus affirm its dismissal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0576-19