**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3395-19

HOFFMAN'S RESTAURANT,
LLC, T/A WAYPOINT 622, and
HOFFMAN'S MARINA WEST,
LLC,

     Plaintiff-Appellant,

v.

THE BOARD OF CHOSEN
FREEHOLDERS OF THE
COUNTY OF MONMOUTH
CONSTRUCTION BOARD OF
APPEALS, and CHRISTOPHER
WELLMS as Fire Prevention
Officer of the Borough of Sea Girt,

     Defendants-Respondents.

_____

Argued July 6, 2021 – Decided September 7, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2665-19.

John Jackson, III, argued the cause for appellant (King, Kitick, Jackson, McWeeney & Wells, attorneys; John

Jackson, III, of counsel and on the briefs; Jilian McLeer, on the brief).

Jeffrey P. Beekman argued the cause for respondent Monmouth County Construction Board of Appeals (Beekman Law Firm, LLC, attorneys; Jeffrey P. Beekman, on the brief).

Ben A. Montenegro argued the cause for respondent Christopher Willms (Montenegro, Thompson, Montenegro & Genz, PC, attorneys; Ryan M. Amberger, on the brief).

PER CURIAM

Plaintiffs Hoffman's Restaurant, LLC, doing business as Waypoint 622 (Waypoint), and Hoffman's Marina West, LLC, appeal three April 17, 2020 orders of the Law Division: 1) denying plaintiffs summary judgment; 2) granting defendant Monmouth County Construction Board of Appeals (the Board) summary judgment and dismissing the complaint; and 3) granting summary judgment to defendant Christopher Willms, the Fire Prevention Officer for the Borough of Brielle (Brielle) and entering judgment for $3000 in favor of Brielle for outstanding fire code violations.[1]

---

[1] Brielle and the Borough of Sea Girt have a joint service agreement wherein Willms serves as Fire Protection Officer in both municipalities. Here, Willms was serving Brielle in his professional capacity at all relevant times. Although the complaint lists both LLCs as plaintiffs, the complaint did not allege any adverse action by defendants against Hoffman's Marina West, LLC, and,

Waypoint owns and operates a restaurant at 622 Green Avenue in Brielle, and, according to its complaint, Larry Grafas is a member of plaintiff. In October 2018, Willms inspected the restaurant and issued seventeen fire code violations. The inspection report and notice of violations was addressed to Waypoint 622, at the property address, with Grafas listed as owner. An email "read" report confirmed Grafas' receipt of the documents.

On January 29, 2019, Willms emailed Grafas to inform him that a reinspection of Waypoint would occur the following day in order to "review all the repairs from [the] previous inspection on October 18, 2018." Among other things, Grafas replied that the fire alarm system was still pending installation. In response, Willms wrote he would provide Grafas with an "Extension Request form" the next day "so that we are all on the same page that it is being worked on."

Willms conducted another reinspection on May 30, 2019, but none of the seventeen violations were abated. He issued an "Order to Pay Penalty and Abate Violations" (the Order) with a proposed penalty of $3000. The Order identified

although the record indicates it was cited for violations, it was not the subject of the complaint or the Law Division's orders. We use the singular "plaintiff" throughout this opinion.

the premises as 622 Green Avenue, the owner/agent as L. Grafas, and the business named on the inspection report was Waypoint 622. Included was a statement explaining administrative appeal rights to contest the Order before the Board; it clearly explained any "request for a hearing must be in writing within [fifteen] days after receipt of th[e] order."

The record includes a certified mail, return receipt card and Postal Service tracking document demonstrating that the Order was delivered and left with an individual at 622 Green Avenue at 9:34 a.m. on June 4, 2019. The signature on the card is illegible. The record also includes an email from a Waypoint employee to Willms dated June 7, 2019, indicating the restaurant had installed "Knox Boxes," a reference to one of the violations on the report that was the subject of the Order. On June 14, Grafas emailed Willms objecting to some of the violations; Willms responded, urging Grafas to file an appeal with the Board if he disagreed with any violation.

Plaintiff's counsel apparently emailed "an application [for] appeal" to the Board on June 20, although the actual document is not in the record. The Board secretary immediately responded, noting the application was not filed within fifteen days of receipt of the Order, nor had plaintiff tendered the filing fee. Counsel then hand-delivered an appeal and check to the Board on June 21, 2019.

Counsel listed three "Specific Reasons Forming the Basis of the Dispute." He noted the proper owner of the restaurant was the LLC, not Waypoint; the proposed penalties were excessive, and some violations were abated; and, plaintiff was not "given sufficient time" to address the violations. The Board again rejected the appeal as untimely.[2]

Plaintiff filed a complaint in lieu of prerogative writs in the Law Division asserting that the Board failed to properly serve plaintiff with the Order, and, even if service was proper, plaintiff filed a timely appeal. The parties cross-moved for summary judgment.[3]

In addition to documents that we have already discussed, Grafas supplied a certification, stating: "On or about June 3, 2019, I became aware of the fact that an Order to Pay penalty and Abate Violations was mailed to Hoffman's Restaurant LLC." Grafas further certified that he "did not recognize the signature on the USPS Tracking documentation," and, despite asking staff at the

---

[2] The rejection is not documented in the record, but it is undisputed that the Board rejected the appeal as untimely.

[3] Rule 2:6-1(a)(1) requires the appellant to include in its appendix "a statement of all items submitted to the court on the summary judgment motion." Plaintiff failed to do so, and defendants did not remedy this shortcoming in their opposition. We piece together what was in the motion record from the parties' references in their briefs and the transcript of oral argument before the motion judge.

restaurant whose signed for the certified mail, he was "unable to ascertain the same."

Judge Lourdes Lucas entertained oral argument on the cross-motions for summary judgment, initially reserving decision and requesting further briefing as to whether the court could relax the regulatory time frames. In her later oral decision, Judge Lucas rejected plaintiff's argument that service was imperfect, and therefore void, noting in particular the acknowledgment by Grafas and others of having received the Order through communications with Willms between June 4 and the actual filing of an appeal. The judge also noted governing regulations required the appeal be filed within fifteen days of receipt of the Order, and she also considered whether strict application of the time limit was inequitable and subject to relaxation. Judge Lucas determined application of the fifteen-day rule was not inequitable in this case. The judge entered the orders under review, and this appeal followed.

Plaintiff contends its appeal to the Board was timely under the applicable regulations, strict application of the time limits deprived it of due process, and it had a good faith defense to the violations cited in the Order.[4] We affirm

---

[4] Plaintiff raises for the first time in its reply brief additional arguments regarding improper service of the Order. It is well-accepted that we will not

substantially for the reasons expressed by Judge Lucas and add only the following.

Regulations regarding enforcement of the Uniform Fire Code provide:

(a) Notice, rules, decisions, and orders issued and served pursuant to the Act shall be effective if served by any one of the methods set forth below:

1. By personal delivery;

2. By leaving the document at the addressee's office or dwelling unit with a person [fourteen] years of age or older;

3. By certified mail return receipt requested to the person's last known address; however, if the document is returned as "refused" or "unclaimed" with no indication of a change of address, service may be made by ordinary mail to the same address;

. . . .

(b) The date of personal service or the third day after mailing shall be considered the day of service.

[N.J.A.C. 5:70-2.11 (emphasis added).]

consider arguments raised for the first time in an appellant's reply brief. See, e.g., L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014) ("An appellant may not raise new contentions for the first time in a reply brief." (citing Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001))). We address the issue, nonetheless, because it was raised before Judge Lucas and in defendants' opposition on appeal.

A-3395-19

N.J.A.C. 5:23A-2.1 provides that any person "aggrieved" by an order issued under the Uniform Fire Code may file an application for a hearing with the Board "by the [fifteenth] day after receipt" of the order.

Plaintiff argues that N.J.A.C. 5:70-2.11(b) does not differentiate between regular mail and certified mail and "[t]here is no good reason to conclude that . . . certified mail is somehow different than regular mail" under the regulation. Plaintiff contends that therefore, despite receipt of the Order by someone at the restaurant on June 4, because the Order was mailed on June 3, service was not effectuated until three days later, on June 6. Plaintiff's appeal to the Board, therefore, was timely.

Judge Lucas properly rejected the argument because it was contrary to the plain language and any reasonable interpretation of the regulation. We agree, and the argument requires no further discussion. R. 2:11-3(e)(1)(E). Plaintiff was actually served with the Order on June 4 and failed to file the appeal to the Board within fifteen days of its receipt.

We also agree with Judge Lucas that the fifteen-day limit was jurisdictional, depriving the Board of the authority to hear plaintiff's appeal. See, e.g., State, Dep't of Cmty. Affs. v. Wertheimer, 177 N.J. Super. 595, 599 (App. Div. 1980). Enforcing the jurisdictional limit does not deprive an

aggrieved party of due process. Ibid.; See also State, Dep't of Env't Prot. v. Larchmont Farms, Inc., 266 N.J. Super. 16, 27 (App. Div. 1993) ("[D]ue process requires only 'adequate notice opportunity for a fair hearing and availability of appropriate review.'" (quoting Wertheimer, 177 N.J. Super. at 599)). Nor was there any equitable reason to relax the time frame even if the Board could. Plaintiff's representatives were actively discussing the violations in the Order with Willms prior to the expiration of the time to appeal. In one exchange, Willms urged Grafas to file an appeal if he wished to contest the violations.

Lastly, to the extent plaintiff still challenges service of the Order, the contentions lacking sufficient merit to warrant extended discussion. R. 2:11-3(e)(1)(E). Despite counsel's claim that Grafas' certification is ambiguously worded, it is not. Grafas certified that he was aware on or about June 3 that the Order had been mailed to the restaurant. The next day, someone at the restaurant signed for the certified mail. The record reflects that a Waypoint employee almost immediately began corresponding with Willms regarding the violations that were the subjects of the Order, as did Grafas, a few days later. It is well accepted that when actual service of process is made and "due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the [tribunal's] jurisdiction." Citibank, N.A. v. Russo, 334 N.J.

Super. 346, 352 (App. Div. 2000) (quoting <u>Rosa v. Araujo</u>, 260 N.J. Super. 458, 463 (App. Div. 1992)). Assuming arguendo plaintiff's contentions regarding technical deficiencies in service of the Order, they provide no relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3395-19