**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0936-23

IN THE MATTER OF THE
ESTATE OF RALPH SANDOR,
DECEASED.

_____

Submitted November 5, 2025 – Decided December 16, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000224-19.

De Marco & De Marco, attorneys for appellant Lottie Russo (Michael P. De Marco, on the brief).

Law Offices of Daniel Jurkovic, PA, attorney for respondents Cynthia May, Michael Patterson, Marian Discorfano, Cindy Kula, Linda Fitzgibbons, Camille Petrullo, Frank Raffo, Kathleen Bartlett, Helene Cohen, Michael Kula, Grace Kula, Ann Raffo, Marianne Garofalo, Sandra Cerone, Patty Manganelio, Carol Russo, George Patterson, Robert Patterson, Brian Patterson, Donald Patterson, Margaret Dakin, Richard Cioce and Debra Cioce (Daniel Jurkovic, on the brief).

PER CURIAM

This appeal arises from the administration of the Estate of Ralph Sandor (Sandor). Defendant, the spouse of Sandor's late nephew, appeals an October 19, 2023, Chancery Division, Probate Part order approving settlement distribution and awarding legal fees and expenses. After reviewing the record in light of the governing legal principles, we conclude that the trial court misapplied its discretion in treating defendant's failure to file an appearance in the probate litigation as a waiver of her right to participate in the settlement. The trial court instead should have considered the fairness of the settlement agreement in light of the evidence presented. We remand for the trial court to consider defendant's substantive challenges to the settlement distribution and to weigh the fairness of the agreement in light of the record. Because defendant was never heard on the issue of counsel fees and expenses, the trial court on remand must consider defendant's arguments on that issue in the first instance.

I.

We discern the following pertinent facts and procedural history from the record. Defendant is the spouse of the late Anthony Russo, Sr. (Russo Sr.), who was Sandor's nephew. Sandor predeceased Russo Sr. Prior to his death, Sandor appointed his grandnephew Anthony E. Russo, Jr. (Russo Jr.) as his agent pursuant to a power of attorney.

Russo Sr. and the various parties have been involved in three separate lawsuits related to the estate: (1) a 2019 action challenging probate of Sandor's 2013 and 2014 purported wills and alleging Russo Jr. convinced Sandor to modify his will to the detriment of other beneficiaries (the probate action); (2) an action by the Administrator Pendente Lite of Sandor's Estate against Russo Jr. and others seeking to recover gifts made by Russo Jr. from Sandor's estate under authority allegedly granted to him by the power of attorney (the claw back action); and (3) an action by Russo Jr. seeking court approval of his accounting as Sandor's agent under the power of attorney (the accounting action).

The probate action was resolved pursuant to a January 23, 2020 settlement agreement executed by all parties to that action. Defendant seeks to reverse the final judgment of the probate action approving distribution. While defendant concedes that she received a copy of plaintiffs' 2019 verified complaint, she did not participate in the probate action prior to her August 2023 opposition to the settlement approval. Defendant was not a party to the probate action, although her counsel signed the settlement agreement in his capacity as Russo Jr.'s attorney. The settlement agreement provides in pertinent part:

> 1.) Defendants, Anthony Russo Jr. and Nicholas Mandorlo (collectively "Defendants"), agree to withdraw any and all opposition to Plaintiffs Complaint in the matter IMO Estate of Sandor, Docket No.: P-224-

3

A-0936-23

19, Superior Court of New Jersey, Bergen County Vicinage (the "Litigation"), including but not Limited to claims, third party claims, etc. Defendants withdraw with prejudice (subject to approval of the settlement by the Court as herein set forth) any and all claims with regard to the Wills prepared by Attorney DeMaria.

2.) Estate of Ralph Sandor shall be distributed in such percentage and to such persons, as shall be agreed by Plaintiffs and Rose Lugowe. However, this Settlement shall not be contingent upon Plaintiffs and Rose Lugowe reaching such agreement.

3.) Plaintiffs shall defend and indemnify Defendants from any and all claims, made by any person who may be eligible under the laws of intestacy and/or under any of Decedent's Wills, that relate to a Will contest, right of succession.

4.) Plaintiffs shall submit the settlement on notice to all parties in interest in the Estate; if approved by the Court then the Litigation shall be dismissed with prejudice pursuant to the terms hereof.

Plaintiff beneficiaries filed their initial motion to approve the settlement agreement on October 23, 2020. Relevant to this appeal, the certification in support of the motion explained that the agreement sought to reinstate the April 25, 2013 will and add two additional beneficiaries named in the 2009 will. Paragraph 15 of the October 2020 certification provides:

In summary, Plaintiffs are seeking approval of the Settlement Agreement (Exhibit C) proffering the Decedent's April 25, 2013 Last Will and Testament for probate, and requesting the approval of a contract to

4

> modify said Will, pursuant to N.J.S.A. JB:23-9, to provide for the omission of Anthony Russo, Jr., Rose Lugowe and Nicholas Mandorlo, providing for the addition of Michael M. H. S. Tat, formally known as Harold Schwerr and Regina Schwer Meyer, while allowing for the payment of reimbursement of expenses, along with a stipend to the Plaintiffs who financed the costs of this litigation for the successful Plaintiffs and all beneficiaries of the Estate of Ralph Sandor.

Russo Sr. was a named residuary beneficiary in the April 25, 2013 will and was not excluded according to the October 2020 certification. Accordingly, defendant did not file an opposition to the initial motion to approve settlement.

The October 23, 2020 motion was withdrawn, and plaintiffs filed a renewed motion to approve settlement on July 25, 2023. Plaintiffs' proposed distribution divided the residuary estate into sixteen equal shares, omitting Russo Sr. and adding two beneficiaries from the 2009 will. Defendant filed an opposition on August 30, 2023, arguing that she was entitled to receive Russo Sr.'s residuary share as his surviving spouse and that he was improperly excluded. She also objected to the request for counsel fees.

The parties do not dispute that Russo Sr. was listed as a residuary beneficiary in each of Sandor's wills. Likewise, they do not dispute that each will contained an anti-lapse provision, providing that should a named residuary beneficiary die, their share would pass to their surviving spouse or children.

5

Notably, plaintiffs' certification in support of the settlement agreement states, "[t]o the extent any beneficiary is deceased, their share shall be paid to their surviving spouse and if none, then to their surviving children." Russo Sr.'s name was submitted to the trial court in plaintiff's certification in support of the motion to approve settlement as a relative entitled to 1/15 share of Sandor's Estate. Despite spouses of other relatives being disclosed, defendant's name was not included in the list of relatives submitted to the trial court.

The final judgment is a blending of the 2013 will and the 2009 will, dividing the residuary estate into sixteen equal shares as follows:

> a.) One -share to Grace Sandor Kula
> b.) One -share to Anna Sandor Raffo
> c.) One -share to Linda Fitzgibbons and Camille Petrullo
> d.) One -share to Michael Sandor
> e.) One -share to Thomas Sandor, Sr.
> f.) One -share to Donald Patterson, Michael Patterson, Robert Patterson, George Patterson and Brian Patterson
> g.) One -share to Richard Sandor
> h.) One -share to Adeline Russo Jocelyn, Joseph Russo, Jr. and Particia Russo Napovicr
> i.) One -share to Carmen Russo, Sr.
> j.) One -share to Anita Russo Lipari
> k.) One -share to Rosemarie Russo Trentacosl
> I.) One -share to Thomas Cioce
> m.) One -share to Richard Cioce, Sr.
> n.) One-share to Margaret Dakin. Patricia Alexander and James Alexander.

6

A-0936-23

> o.) One-share to Denise Schcvon and Renee Gasperic.
>
> p.) One-share to Carol Ann Russo, spouse of Thomas Russo

The final judgment order further provides that, "[t]o the extent any beneficiary is deceased, their share shall be paid to their surviving spouse and if none, then to their surviving children." Notably, the final judgment excluded Russo Sr. as a beneficiary and added one-share of the Sandor's estate to Margaret Dakin, Paricia Alexander and James Alexander and one-share to Denise Schevon and Renee Gasperic. These beneficiaries were named in Sandor's 2009 will but were excluded from the 2013 will.

The trial court heard oral argument regarding the motion to approve settlement on September 29, 2023. At oral argument, defense counsel argued that Russo Sr. was a named residuary beneficiary in every iteration of decedent's will, and defendant is entitled to his share as his surviving spouse. Defense counsel further argued that, while defendant did receive notice of the order to show cause, it was insufficient to trigger a timely opposition to the settlement agreement because defendant understood it to be admitting the April 25, 2013 will into probate, which she supported as it protected her interests.

The trial court disagreed with defense counsel's arguments, finding that defendant should have participated following her receipt of the notice of order

7

to show cause, or at least identified herself as an interested party. The trial court declined to disturb the settlement agreement and rendered an oral decision approving the settlement agreement over defendant's objections. The trial court entered final judgment on October 19, 2023, approving the distribution.

Following the trial court's decision to disqualify defendant as a beneficiary, defense counsel did not participate in the portion of oral argument concerning counsel fees. Thus, defendant was never heard on the issue of counsel fees or litigation expenses related to this settlement.

This appeal follows. Defendant's primary contention on appeal is that the order approving settlement must be vacated because the trial court erred in not considering defendant's substantive arguments in opposition to the settlement agreement and distribution.

After reviewing the record in light of the governing legal principles, we vacate the settlement award and remand the matter for the trial court to consider defendant's substantive objections to the settlement distribution and the fairness of the agreement in light of the evidence in the record. With respect to counsel fees and expenses, defendant was never given an opportunity to be heard. Accordingly, we remand for the trial court to consider defendant's arguments in the first instance.

A-0936-23

## II.

We begin our analysis by acknowledging the legal principles governing this appeal. "A settlement agreement between parties to a lawsuit is a contract." Kaur v. Assured Lending Corp., 405 N.J. Super. 468, 475 (App. Div. 2009) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983), certif. denied, 94 N.J. 600 (1983)). "A trial court's decision to approve a proposed settlement agreement is reviewed for abuse of discretion." Matter of Twp. of Bordentown, 471 N.J. Super. 196, 217 (App. Div. 2022) (citing Chattin v. Cape May Greene, Inc., 216 N.J. Super. 618, 628 (App. Div. 1987)). See also In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007) (collecting cases) ("A trial court's rulings on discretionary decisions are entitled to deference and will not be reversed on appeal absent a showing of an abuse of discretion involving a clear error in judgment."). "[S]ettlements will usually be honored 'absent compelling circumstances.'" Brundage v. Est. of Carambio, 195 N.J. 575, 601 (2008) (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)).

A reviewing court must consider whether the trial court's finding that the settlement agreement was fair and reasonable was supported by the evidence presented. See Builders League of S. Jersey, Inc. v. Gloucester Cnty. Utilities Auth., 386 N.J. Super. 462, 472, (App. Div. 2006) (finding that the question on

9

review was "whether the trial court's determination that the settlement agreement was fair and reasonable was supported by the evidence presented at the hearing.").  See also Honeywell v. Bubb, 130 N.J. Super. 130, 137 (App. Div. 1974) ("the substantial question before us is whether the settlement agreed upon by the parties was unfair or achieved in such a manner as to justify refusal to enforce it.").

A will contest may be compromised and settled provided that all interested parties are notified and the court approves the settlement.  See 5 N.J. Practice, Wills and Administration, § 138 (Alfred C. Clapp) (rev. 3d ed. 1982).  "'Due process of law' includes reasonable notice of the nature of the proceeding and a fair opportunity to be heard therein."  Borough of Keyport v. Maropakis, 332 N.J. Super. 210, 221 (App. Div. 2000) (quoting Weiner v. County of Essex, 262 N.J. Super. 270, 287 (Law Div. 1992)).  "The fundamental requisite of notice involves 'such notice as is in keeping with the character of the proceedings and adequate to safeguard the right entitled to protection.'"  City of Passaic v. Shennett, 390 N.J. Super. 475, 485 (App. Div. 2007) (quoting Dep't of Cmty. Affairs v. Wertheimer, 177 N.J. Super. 595, 599 (App. Div. 1980)).

"Waiver is the voluntary relinquishment of a known right."  Clarke v. Clarke ex rel. Costine, 359 N.J. Super. 562, 571 (App. Div. 2003).  "It 'implies

an election by the party to dispense with something of value, or to forego some advantage which [that party] might have demanded and insisted on.'" Ibid. (quoting West Jersey Title & Guaranty Co. v. Industrial Trust Co., 27 N.J. 144, 152 (1958)).

III.

Applying the above legal principles to the matter before us, we conclude that the trial court abused its discretion by disregarding defendant's substantive arguments in opposition to the settlement agreement. The trial court based its decision to deny defendant's requested relief solely on her failure to participate in the probate action, which the court found to be a waiver of her right to participate in the settlement. At the outset, we note that the trial court's conclusion that defendant could not be named as a beneficiary because she failed to participate in the litigation is belied by the record, which demonstrates that the settlement agreement names other beneficiaries who likewise did not participate in the probate action.[1] The court's inconsistent application of the

---

[1] Plaintiffs contend that all beneficiaries named in the settlement agreement were plaintiffs in this action. However, according to the 2019 verified complaint, the named plaintiffs were Beatrice Cioce, Cynthia May, Michael Patterson, Marian Discorfano, Cindy Kula, Linda Fitzgibbons, Camille Petrullo, Frank Raffo, Kathleen Bartlett, Helene Cohen, Michael Kula, Grace Kula, Ann Raffo, Marianne Garofalo, Sandra Cerone, Patty Manganelio, Carol Russo,

11

principle it relied upon to reject plaintiff's argument leads us to conclude the court's treatment of plaintiff constitutes an abuse of discretion.

Moreover, defendant should not be prejudiced by the gap in time from the January 2020 settlement to her August 2023 opposition because plaintiffs' renewed July 2023 motion materially altered the requested relief sought in the verified complaint and the initial October 2020 motion to approve settlement. The prior pleadings sought reinstatement of the 2013 will that named Russo Sr. as a beneficiary and safeguarded defendant's interests. Thus, there would have been no reason for defendant to challenge the initial settlement agreement. We conclude in these circumstances that defendant did not receive adequate notice of the nature of the proceedings prior to plaintiffs' July 2023 motion. Cf. City of Passaic, 390 N.J. Super. at 485 (quoting Dep't of Cmty. Affairs, 177 N.J. Super. at 599) ("The fundamental requisite of notice involves 'such notice as is in keeping with the character of the proceedings and adequate to safeguard the

---

George Patterson, Robert Patterson, Brian Patterson, Donald Patterson, Margaret Dakin, Richard Cioce, and Debra Cioce. Accordingly, Denise Schevon and Renee Gasperic were named beneficiaries in the settlement agreement but did not participate in the underlying probate action. Thus, the trial court's decision to preclude defendant as a beneficiary based on her failure to participate in the underlying probate litigation is inconsistent with the court's treatment of Schevon and Gasperic, undermining the court's reasoning with respect to defendant.

right entitled to protection.'"). Likewise, we disagree with the trial court that defendant's inaction prior to her August 2023 opposition voluntarily or knowingly relinquished her interest in the decedent's estate. Cf. Clarke, 359 N.J. Super. 562, 571 (App. Div. 2003) ("Waiver is the voluntary relinquishment of a known right.").

Furthermore, the trial court did not consider the fairness of the distribution in light of the undisputed fact that defendant's late husband was a named residuary beneficiary in every iteration of Sandor's will. Nor did the trial court consider that each will contained an anti-lapse provision requiring that any distribution to Russo Sr. pass to defendant as his surviving spouse. Moreover, the settlement agreement named beneficiaries who were not included in Sandor's 2013 will, to defendant's detriment, notwithstanding that Sandor's 2013 unequivocally revoked all prior instruments.[2]

Thus, in practical effect, by approving the settlement, the court improperly disinherited defendant. We believe that in these distinct circumstances, the settlement agreement was "achieved in such a manner as to justify refusal to enforce it," see Honeywell, 130 N.J. Super. at 137, and the trial court's decision

---

[2] Sandor's 2013 will contains a clause "hereby revoking all other Wills and Codicils made by [him] at any time hereto fore."

to approve the settlement agreement without considering the substance of defendant's opposition was neither "fair" nor "reasonable." See Builders League of S. Jersey, Inc., 386 N.J. Super. at 472. Thus, we conclude that the settlement award must be vacated and we remand the matter for the trial court to consider defendant's substantive objections to the settlement distribution and the fairness of the agreement in light of the evidence in the record.

With respect to counsel fees and costs, defendant was never heard on this issue before the trial court. Following the trial court's decision to preclude defendant as a beneficiary, defense counsel did not participate in the portion of oral argument concerning counsel fees. Accordingly, we remand for the court to hear defendant's arguments concerning counsel fees and costs in the first instance. We do not retain jurisdiction.

Reversed and remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14